[No. B022529. Second Dist., Div. Three. Aug. 30, 1988.]

RAUL FIELD-ESCANDON, Plaintiff, Cross-defendant and Appellant, v.
FREDERICK DeMANN et al., Defendants, Cross-complainants and Respondents.

230

---

**COUNSEL**

Raul Field-Escandon, in pro. per., Miguel F. Garcia and Ralph Manuel Segura, Marilyn L. Garcia and John Clark Brown, Jr., for Plaintiff, Cross-defendant and Appellant.

Caras & Evangelatos, Caras, Evangelatos & Alberstone and Dale Alberstone for Defendants, Cross-complainants and Respondents.

OPINION

ARABIAN, J.—

INTRODUCTION

This appeal concerns a dispute between adjacent landowners over a sewer line which has been in existence for more than 25 years. Raul Field-Escandon, plaintiff and cross-defendant, (appellant) appeals from the judgment in favor of defendants and cross-complainants Frederick DeMann and Andrea Lynn DeMann (the DeManns or respondents) on his complaint for trespass and their cross-complaint for declaratory relief and establishment of an easement across appellant's property. Upon the DeManns' motion for summary judgment, the trial court ruled that appellant's trespass action was barred by the statute of limitations. After trial on the cross-complaint, the trial court declared that the DeManns had a prescriptive easement for the sewer line crossing appellant's property and permanently enjoined appellant from interfering with the sewer line. Appellant contends that the sewer line is a continuing, rather than a permanent, trespass and therefore the statute of limitations has not expired. He also contends that an unrecorded sewer permit did not constitute constructive notice of the adverse use upon which the finding of a prescriptive easement was based.

We find that the trespass was permanent and the statute of limitations barred appellant's cause of action. Although we agree with appellant that the unrecorded permit did not provide sufficient notice of adverse use, we hold that he is properly enjoined from interfering with the DeManns' continued use of the sewer line. Affirmed.

STATEMENT OF FACTS

On March 6, 1959, the office of the City Engineer of Los Angeles, California (City Engineer), issued a sewer permit approving the construction of a sewer line from the DeManns' property (then owned by the Meyers) to connect to a sewer main line on Reseda Boulevard, which fronts appellant's property. The sewer line, as shown on the WYE map, an official record in the City Engineer's office, runs across appellant's property from about two to five feet south of the northerly boundary of his lot. It is 65 feet long and at a depth of 8 feet.

The DeManns purchased their property improved with a single family residence and the sewer pipe in 1973. Appellant purchased the adjacent property, an empty lot, at a tax sale on or about March 1, 1982. Appellant planned to build a home on the property and drew plans for that purpose.

He discovered the existence of the sewer line underneath his property while he was processing his building permits. As a title search did not reveal an easement in favor of the DeManns, appellant filed an action seeking removal of the sewer line. The DeManns filed a cross-complaint for declaratory relief and injunctive relief seeking to establish that they had an easement under appellant's property for their sewer line. The DeManns moved for summary judgment on the ground that appellant's causes of action were barred by the three-year statute of limitations. The trial court granted the motion, without mention of an award of costs. The notice of ruling, prepared by the DeManns' counsel, stated, "The Court granted the Motion and awarded costs of suit to Defendants," and provided for an award of $2,575.49.

The action went to trial on the DeManns' cross-complaint and supplemental complaint. The evidence established the following facts:

Appellant is a civil engineer registered in California. He did not conduct an investigation of the property before his successful bid at a tax sale for $3,900. Appellant wishes to build a retaining wall near the boundary line between his and respondents' properties. It was the opinion of a licensed contractor, experienced in building retaining walls, that the retaining wall could be built around the sewer by putting "a sleeve around it to leave room for the pipe to expand and contract." The pipe is the only sewer line servicing respondents' house and without it they would not be able to use their plumbing facilities.

After trial on the cross-complaint, the trial court found the existence of a prescriptive easement and issued an injunction prohibiting appellant from removing the pipe.

## ISSUES

The primary issues of this appeal are: 1.   For the purpose of determining when the statute of limitation began to run on appellant's trespass action, was the sewer pipe a permanent or continuous trespass?

2.   Did the unrecorded sewer permit provide constructive notice of a prescriptive easement to maintain the sewer pipe?

3.   Does application of the doctrine of balancing the hardships result in an easement for continued use of the sewer line?

4.   Was the award of costs to respondents proper?

## Discussion

1. *For the purpose of applying the statute of limitations, the sewer pipe is a permanent trespass.*

The statute of limitations for trespass and injunctive relief is three years. (Code Civ. Proc., §§ 335, 338, subd. 2.) Appellant's complaint for trespass and injunctive relief to compel removal of the sewer pipe was filed in 1984, which was 25 years after the pipe was installed on appellant's property.

■ When a trespass is of a permanent nature, the cause of action accrues when the trespass is first committed. (*Castelletto* v. *Bendon* (1961) 193 Cal.App.2d 64 [13 Cal.Rptr. 907].) "Where the injury or trespass is of a permanent nature, all damages, past and prospective, are recoverable in one action, and the entire cause of action accrues when the injury is suffered or the trespass committed." (*Rankin* v. *DeBare* (1928) 205 Cal. 639, 641 [271 P. 1050].)

■ Appellant contends that because the trespass may be discontinued at any time, it is considered continuing. Appellant cites *Kafka* v. *Bozio* (1923) 191 Cal. 746 [218 P. 753, 29 A.L.R. 833], in which the plaintiff filed an action to enjoin a nuisance where defendant's building leaned over the property line above plaintiff's lot. The court said, " 'Where continuing or recurring injury results from a wrongful act or from a condition wrongfully created and maintained, such as a continuing nuisance or trespass, there is not only a cause of action for the original wrong arising when the wrong is committed, but separate and successive causes of actions, for the consequential damages arise as and when such damages are from time to time sustained; and therefore so long as the cause of the injury exists and the damages continue to occur, plaintiff is not barred of a recovery for such damages as have accrued within the statutory period beyond the action, although a cause of action based solely on the original wrong may be barred.' . . . 'In all cases of doubt respecting the permanency of the injury, courts are inclined to favor the right to bring successive actions. Otherwise the effect would be to give the defendant, because of his wrongful act, the right to continue the wrong; a right equivalent to an easement. A right to land cannot thus be acquired.' " (*Id.,* at pp. 751, 752.)

However, the courts have held that the encroachment of buildings (*Castelletto* v. *Bendon, supra,* 193 Cal.App.2d 64; *Troeger* v. *Fink* (1958) 166 Cal.App.2d 22 [332 P.2d 779]), walls, foundations, pipes and vents erected on another's property (*Tracy* v. *Ferrera* (1956) 144 Cal.App.2d 827 [301 P.2d 905]), and railroad tracks (*Williams* v. *Southern Pacific R. R. Co.* (1907) 150 Cal. 624 [89 P. 599]) are permanent in nature and a cause of

action for trespass would have accrued as of the date of completion of construction.

The evidence submitted on the motion for summary judgment established that the sewer pipe was intended to be a permanent structure for sewage disposal from the DeManns' house to the city sewer drain. The building department recommended to the Meyers, the DeManns' predecessor in interest, that they replace their problematic septic tank and cesspool with a permanent sewer across appellant's property to connect with the city sewer drain on Reseda Boulevard. The Meyers believed they were lawfully allowed to pass the line across this adjoining property. Construction of the system required excavation to a depth of at least eight feet across appellant's lot. The excavation was filled with tightly compacted fill.

This sewer line is similar to other structures which the courts have determined are permanent for the purpose of the running of the three-year statute of limitation for trespass. In *Polin* v. *Chung Cho* (1970) 8 Cal.App.3d 673 [87 Cal.Rptr. 591], the court stated, "with respect to buildings or railroads tortiously placed on a plaintiff's land, California cases have not permitted the plaintiff to consider the trespass continuing, but have required the plaintiff to consider the trespass permanent as of the date of completion of construction and thus have held plaintiff's cause of action barred if not brought within three years of that date. [Citations omitted.]" (*Id.,* at pp. 677-678.)

The salient feature of a continuing trespass or nuisance is that its impact may vary over time. The sewer line is not a continuing or recurring trespass or nuisance, which repeatedly disturbs the property, as in the case of the nuisance caused by the operation of an airport as in *Baker* v. *Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862, 869-870 [218 Cal.Rptr. 293, 705 P.2d 866], or by the operation of a cotton gin (*Kornoff* v. *Kingsbury Cotton Oil Co.* (1955) 45 Cal.2d 265 [288 P.2d 507]) or the operation of a slant oil drill which removed minerals from the plaintiff's adjacent property (*Shell Oil Co.* v. *Richter* (1942) 52 Cal.App.2d 164 [125 P.2d 930]). Nor does its impact on appellant's property gradually increase over time, such as in the case of encroachment by a building progressively leaning over the property line of the adjacent property. (*Kafka* v. *Bozio, supra,* 191 Cal. 746.)

We find that the trial court was correct in finding that the sewer line was permanent and in granting summary judgment for the DeManns.

2. *The unrecorded sewer permit does not constitute constructive notice of open and notorious adverse use.*

■ "The elements necessary to establish an adverse use are: (a) open and notorious use; (b) continuous and uninterrupted use; (c) hostile to the true owner; (d) under claim of right; and (e) for the statutory period of five years. (Civ. Code, § 1007; Code Civ. Proc., § 321.) 'The above elements are designed to insure that the owner of the real property which is being encroached upon has actual or constructive notice of the adverse use and to provide sufficient time to take necessary action to prevent that adverse use from ripening into a prescriptive easement. [A] . . . [T]he burden of proof as to each and all of the requisite elements to create a prescriptive easement is upon the one asserting the claim. [Citations.] ■ [¶] . . . [T]he existence or nonexistence of each of the requisite elements to create a prescriptive easement is a question of fact for the court or jury. [Citations.] [¶] . . . .'" (*Twin Peaks Land Co.* v. *Briggs* (1982) 130 Cal.App.3d 587, 593 [181 Cal.Rptr. 25].)

"Although the trial court's finding of the existence of a prescriptive easement must be based upon clear and convincing evidence, if there is substantial evidence to support its conclusion, the determination is not open to review on appeal. [Citation.] The usual rule of conflicting evidence is applied, giving full effect to respondents' evidence, however slight, and disregarding appellant's evidence, however strong." (*Applegate* v. *Ota* (1983) 146 Cal.App.3d 702, 708 [194 Cal.Rptr. 331].) ■ In considering the evidence at trial, we take into consideration the widely held rule that continuous use of an easement over a long period of time without the landowner's interference is presumptive evidence of its adverse use. (*MacDonald Properties, Inc.* v. *Bel-Air Country Club* (1977) 72 Cal.App.3d 693, 701-702 [140 Cal.Rptr. 367].)

Appellant challenges the trial court's finding that the adverse use was "open and notorious" for the reason that there was a sewer permit on file with the City Engineer. He claims that although the sewer permit is a public record, it does not give "constructive notice" of the existence of the sewer line.[1]

■ In order to establish the existence of a prescriptive easement on his property, the landowner must be aware or have notice of its existence, with the resulting opportunity to take action to prevent its creation due to

---

[1] Appellant also contends that the use of the sewer line was not "hostile to the true owner, exclusive and under claim of right." However, appellant failed to present evidence of permissive use to meet the burden of proof on this issue. The presumption of adverse use, in the absence of such evidence, is sufficient to sustain the trial court's finding of a prescriptive easement. (*MacDonald Properties, Inc.* v. *Bel-Air Country Club, supra,* 72 Cal.App.3d 693, 702 [140 Cal.Rptr. 367].)

passage of time. Notice may be actual or constructive. (See *Estate of Williams* (1977) 73 Cal.App.3d 141, 146-147 [140 Cal.Rptr. 593].) In cases where a prescriptive easement in pipes or artificial drains was acquired, the courts usually mention the visibility of the easement throughout its prescriptive period. (See Annot., Easements by Prescription—Drains (1957) 55 A.L.R.2d 1144, 1166.) "Where the pipes or other conduits as to which easements have been claimed were buried underground and their presence was not physically apparent throughout the prescriptive period, the courts have generally concluded that there was insufficient notoriety of the user to permit prescription to run against the servient estate. This result has often been reached where there was an absence of substantial evidence that the servient parties had any notice or information of the existence of the facility and its user." (*Id.,* at p. 1167.)

In *Jones* v. *Harmon* (1959) 175 Cal.App.2d 869 [1 Cal.Rptr. 192], the court held that landowners who irrigated their land by water from a distant well through an underground pipeline had an easement by prescription as a result of use. The defendant landowner bought the land with no knowledge of the pipeline and no mention of an easement in the deed or title policy. The court pointed out, "The question whether the structures on adjacent property [a standpipe and weir box], visible from the land she proposed to purchase, were such as to charge appellant with constructive notice of the existence of the pipeline running under her property was a question of fact for the trial court." (*Id.,* at p. 879.)

■ In the instant case, the trial court found constructive notice of the presence of the sewer line based upon the public records of the sewer permit and the WYE map which depicts the location of sewer lines.

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." (Civ. Code, § 19.)

In order to find constructive notice arising out of the sewer permit and WYE map, there must be some evidence of "actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact." (*Ibid.*) Underlying the conclusion that there was constructive notice of the sewer line is the implied finding that "actual notice of circumstances" existed which were sufficient to send appellant to the records on file with the City Engineer or make other inquiry. The existence of the permit in the public records of a governmental agency does not have the same presumptive effect of actual knowledge as recorded documents of title to real property, where the act of recording imparts constructive notice of the contents of the

instrument. (*Anderson* v. *Willson* (1920) 48 Cal.App. 289, 293 [191 P. 1016].)

The question then becomes whether there was substantial evidence of other circumstances which would put a prudent person on inquiry as to the existence of a sewer line on the property. In considering this question, appellant's circumstances are irrelevant. The easement would have had to be "open and notorious" for the prescriptive period prior to appellant's action to terminate use of the sewer line. Therefore, the DeManns' contention that appellant is estopped to deny its existence because he did not inspect the property or the record title before he purchased it is irrelevant and meritless.

The record reveals that appellant's lot is long and narrow (about 30 feet by 360 feet) and lies down hill from the DeManns' lot and between it and a major street. Although appellant's lot is unimproved, it is located in a residential area in the City of Los Angeles. The construction of the sewer line across appellant's property in 1959 required excavation to a depth of at least eight feet. However, there is no evidence that, once constructed, visible signs of its existence were apparent to the property owner, as in *Jones* v. *Harmon, supra*. Nor is there any evidence of the prior owners' experience with the lot. In light of considerable precedent requiring the existence of at least apparent accessories or other physical signs, we are reluctant to hold, as a matter of law, that the shape and location of the lot alone constitute substantial evidence of "open and notorious" use of a sewer line, sufficient to require a prudent person to further inquiry.

However, these circumstances become relevant in balancing the relative hardships.

3. *An easement exists as the result of applying the doctrine of balancing relative hardships.*

The doctrine of balancing the relative hardships of the parties may be applied to determine whether to grant an injunction or to quiet title to an easement. (*Donnell* v. *Bisso Brothers* (1970) 10 Cal.App.3d 38, 45-46 [88 Cal.Rptr. 645]; *Miller* v. *Johnston* (1969) 270 Cal.App.2d 289, 305-308 [75 Cal.Rptr. 699]; *Christensen* v. *Tucker* (1952) 114 Cal.App.2d 554, 562-563 [250 P.2d 660].)

As the court stated in *Christensen* v. *Tucker, supra,* 114 Cal.App.2d 554, 562-563, "It is our view that the better reasoned cases hold that in encroachment cases the trier of fact possesses some discretion in determining whether to grant or to deny the mandatory injunction [to remove the

encroachment]. In exercising that discretion, and in weighing the relative hardships, the court should consider various factors. It starts with the premise that defendant is a wrongdoer, and that plaintiff's property has been occupied. Thus, doubtful cases should be decided in favor of the plaintiff. In order to deny the injunction, certain factors must be present: 1. Defendants must be innocent—the encroachment must not be the result of defendant's willful act, and perhaps not the result of defendant's negligence. In this same connection the court should weigh plaintiff's conduct to ascertain if he is in any way responsible for the situation. 2. If plaintiff will suffer irreparable injury by the encroachment, the injunction should be granted regardless of the injury to defendant, except, perhaps, where the rights of the public will be adversely affected. 3. The hardship to defendant by the granting of the injunction must be greatly disproportionate to the hardship caused plaintiff by the continuance of the encroachment and this fact must clearly appear in the evidence and must be proved by the defendant. But where these factors exist, the injunction should be denied, otherwise, the court would lend itself to what practically amounts to extortion."

More recently, the Supreme Court held in *Warsaw* v. *Chicago Metallic Ceilings, Inc.* (1984) 35 Cal.3d 564 [199 Cal.Rptr. 773, 676 P.2d 584], that the trial court may deny removal of an encroachment upon balancing the hardships: "As previously noted, it is well established that a court has discretion to balance the hardships and *deny* the removal of an encroachment if it was innocently made and does not irreparably injure the plaintiff, and where the cost of removal would greatly exceed the inconvenience to the plaintiff by its continuance. (See *Brown Derby Hollywood Corp.* v. *Hatton, supra,* 61 Cal.2d at p. 858; *Dolske* v. *Gormley, supra,* 58 Cal.2d at pp. 520-521; *Raab* v. *Casper, supra,* 51 Cal.2d at p. 872; *Donnell* v. *Bisso Brothers* (1970) 10 Cal.App.3d 38, 45 [88 Cal.Rptr. 645][ ].)" (*Id.,* at pp. 575-576.)

Appellant purchased the property at a tax sale without investigating the possibility that it was burdened with easements or other conditions which might render it unbuildable except for a brief visual inspection a few hours before the sale. He now wishes to build a 20- by 40-foot house on his property. He plans to excavate the ground surface to a depth of about eight feet, where the sewer line runs, for a driveway and a retaining wall. Evidence established that it is possible to construct the retaining wall around the existing sewer pipe. On the other hand, the sewer line is the only means of sewage disposal from the DeManns' residence. There is no evidence that there is another sewer facility available to the DeManns.[2] The potential

---

[2]Appellant contends that the trial court's determination that " 'there is no way to install the sewer pipe otherwise' " is in error. However, he fails to cite to admissible controverting evidence in the record.

hardship to the DeManns is "greatly disproportionate" to the hardship to appellant by the continued existence and use of the sewer line.

These factors, when considered in light of the length of the presumed adverse use, favoring the finding of an easement, support the judgment in this case.[3]

4. *The award of costs to the DeManns was proper.*

The trial court awarded the DeManns their costs in defending against appellant's complaint. Appellant contends that they were not entitled to their costs because a final judgment had not been entered. Appellant failed to raise this ground below and therefore waived any right to challenge this award now on appeal. (*Royster* v. *Montanez* (1982) 134 Cal.App.3d 362, 367 [184 Cal.Rptr. 560].) Furthermore, since the DeManns are the prevailing party, the award, though premature, was harmless.

DISPOSITION

Judgment affirmed. The parties are to bear their own costs on appeal.

Danielson, Acting P. J., and Luros, J.,* concurred.

A petition for a rehearing was denied September 29, 1988, and appellant's petition for review by the Supreme Court was denied November 22, 1988.

---

[3] Appellant's contention that he was deprived due process of law is meritless. Appellant's rights in the property have been fully litigated. He was not deprived of property since, under established legal principles, he acquired property which was already burdened by adverse use.

* Assigned by the Chairperson of the Judicial Council.