Filed 11/4/13  Weidl v. Gil CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LORENZ WEIDL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JOSE GIL et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B244284<br>(Super. Ct. No. 1373629)<br>(Santa Barbara County) |

        Plaintiff Lorenz Weidl appeals a summary judgment in favor of defendants Jose Gil and Sanjuana Gil on the grounds that Weidl's action was barred by the running of the statute of limitations.  In his first amended complaint, Weidl sought damages and injunctive relief for causes of action for trespass, nuisance, negligence and unjust enrichment.  We conclude, among other things, that the trial court did not err because:  1) Weidl's causes of action were subject to a three-year statute of limitations, 2) his action was untimely, and 3) he did not meet his burden to produce evidence to show that he fell within the continuing nuisance doctrine.  We affirm.

FACTS

        Weidl owns real property on Sunset Ridge in Goleta.  The Gils own an adjacent parcel of real estate.  A 20-foot-wide easement runs across the Gils' property that Weidl "uses as his means of ingress and egress to his property."  The Gils constructed "a concrete block wall," which runs "along the length of the easement."

In June 2005, Weidl wrote to Mr. Gil about the wall and "a fence" the Gils constructed between the "adjoining properties." Weidl said, "[Y]our wall is lying well within the easement and is going to cause me to do additional reinforcing on the downhill side of the road." On July 1, 2005, he wrote to Gil and said, "[M]ajor portions of the block wall are in my easement and at one place blocks off the easement entirely. Your wall also raises drainage issues." He added, "[Y]ou have a fence at the rear of your property that actually is on my property (at least in places)." In 2005, Weidl and the Gils retained lawyers. They were unable to "reach[] a resolution."

In November 2005, Weidl "discovered damage to the easement as a result of water drainage" from the wall. In June 2006, Weidl discovered damage to his property "as a result of water drainage from the Gil property."

On January 20, 2011, Weidl filed a lawsuit against the Gils. In his first amended complaint, he alleged the wall and fence interfered with his property interest in the easement. He claimed the Gils' "block wall and chain link fence . . . negatively impacted" his use and enjoyment of his property, and that they were "negligently designed, located and constructed" within "the last five years." He sought damages and injunctive relief for four causes of action: trespass, nuisance, negligence and unjust enrichment.

The Gils filed a motion for summary judgment claiming that all causes of action were barred by the running of a three-year statute of limitations. In opposition, Weidl said, "Plaintiff continues to accrue damages to his easement every time it rains because Defendants' wall is improperly designed and constructed." He attached his declaration and an engineering report.

In granting summary judgment, the trial court said Weidl "does not dispute the fact that this action is brought more than three years after he became aware of the alleged encroachments and issues regarding drainage from the hill on which the wall sits. . . . Plaintiff has failed to carry his burden of demonstrating a triable issue of fact supporting the continuing nuisance exception to the statute of limitations."

2

## DISCUSSION

### *The Statute of Limitations*

Weidl contends the trial court erred because the three-year statute of limitations did not expire because the Gils maintained a continuing nuisance.

The Gils contend that in 2005 Weidl knew they built the concrete wall, but Weidl did not file his action until 2011. They claim their fixed structures were not a continuing nuisance and his action is barred by a three-year statute of limitations. We agree.

"[T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) "[I]f he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact." (*Ibid.*) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Ibid.*)

The defendant who seeks summary judgment bears the burden of showing that the statute of limitations period "had expired when [plaintiff] filed his action." (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 788.) If that burden is met, the plaintiff bears the burden to prove an exception to the statute of limitations. (*Ibid.*) Our review is de novo. (*Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694.) "'[I]n practical effect, we assume the role of a trial court and apply the same rules and standards that govern a trial court's determination of a motion for summary judgment.'" (*Ibid.*)

Here there is a three-year statute of limitations for Weidl's causes of action for trespass, nuisance, unjust enrichment and negligence. (Code Civ.Proc., § 338, subd. (b) [three-year limitations period for trespass or injury to real property]; *Starrh & Starrh Cotton Growers v. Aera Energy, LLC* (2007) 153 Cal.App.4th 583, 592; *Beck*

3

*Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1216 [three years for nuisance]; *Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 348 [three years for unjust enrichment].)

On June 4, 2005, Weidl wrote to Mr. Gil complaining about the wall and "drainage issues." In discovery, Weidl admitted that he first discovered "damage" caused from "water drainage from [the Gils'] property" in June 2006. A cause of action generally accrues when the plaintiff suffers damage. (*Lyles v. State of California* (2007) 153 Cal.App.4th 281, 286.) But Weidl did not file this action until January 20, 2011. That was beyond the three-year limitations period. During his deposition, Weidl was asked why he waited so long to file his action. In response, he said, among other things, "I had just gotten married. We were moving. There was just a million things on my plate . . . ."

Weidl contends his action was not barred because he sought relief for a continuing nuisance. The Gils claim his action is barred because it involves a challenge to a fixed structure and it consequently falls within the permanent nuisance category. We agree.

There are differences regarding the running of the statute of limitations in actions to abate permanent nuisances and continuing nuisances. "The cases finding the nuisance complained of to be unquestionably permanent in nature have involved *solid structures*, such as a building encroaching upon the plaintiff's land . . . , a steam railroad operating over plaintiff's land . . . , or regrade of a street . . . ." (*Baker v. Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862, 869, italics added, citations & fns. omitted.) "In such cases, plaintiffs ordinarily are required to bring one action for all past, present and future damage within three years after the permanent nuisance is erected." (*Ibid.*) Where a landowner has no knowledge of damage caused by such a nuisance, some courts have indicated that the statute of limitations may begin to run when he or she discovers the damage. (*Lyles v. State of California*, *supra*, 153 Cal.App.4th at p. 286; *Mangini v. Aerojet-General Corp.* (1996) 12 Cal.4th 1087, 1096.)

4

By contrast, "[i]f a nuisance is *a use which may be discontinued at any time*, it is considered continuing in character and persons harmed by it may bring successive actions for damages until the nuisance is abated." (*Baker v. Burbank-Glendale-Pasadena Airport Authority*, *supra*, 39 Cal.3d at p. 869, italics added.) Continuing nuisances typically involve an "injury that is attributable to *the defendant's continuing activities*, the discontinuance of which would terminate the injury." (*Beck Development Co. v. Southern Pacific Transportation Co.*, *supra*, 44 Cal.App.4th at p. 1218, italics added.)

In his complaint, Weidl alleged that the damage to his property was caused by solid structures--a "block wall and chain link fence," which were "negligently designed, located and constructed." He describes this structure to be a " 500-600 [foot] concrete block wall along a roadway easement leading to" his property. Under *Baker*, this is a solid structure. This block wall was erected in 2002. "[T]he courts have held that the encroachment of . . . walls . . . are permanent in nature." (*Field-Escandon v. DeMann* (1988) 204 Cal.App.3d 228, 233, citations omitted.) Consequently, damages caused by such fixed structures fall within the permanent nuisance category. (*Id.* at pp. 233-234.)

### *Tracy v. Ferrera*

Weidl contends the trial court erred in light of *Tracy v. Ferrera* (1956) 144 Cal.App.2d 827. We disagree. In *Tracy*, the court reversed a judgment following the sustaining of a demurrer to the plaintiffs' complaint. The plaintiffs alleged adjoining landowners created a nuisance by maintaining pipes that caused noxious orders. In deciding the nature of the nuisance, the court distinguished between structural defects and the acts and "uses" plaintiffs alleged to have occurred. It said, "[C]omplaint is made, not of their location, but *of the use to which they are put*." (*Id.* at p. 828, italics added.) There was no statute of limitations problem because plaintiffs alleged "*the acts* occurred within three years." (*Id.* at p. 829, italics added.)

But unlike *Tracy*, Weidl's complaint is based on a structural design defect for structures erected outside of the statute of limitations period. Weidl does not allege

5

the Gils constructed the wall within the past three years. His pleading alleges the wall was built "within the preceding *five years.*" In his declaration, Weidl said, "I became aware of the potential encroachment of the Defendants' wall in or around March, 2005 . . . ."

*Weidl's Showing in Opposition to Summary Judgment*

Weidl claims he made a sufficient showing to oppose summary judgment. He argues he was seeking relief from a continuing nuisance. But, "[a] plaintiff cannot simply allege that a nuisance is continuing in order to avoid the bar of the statute of limitations . . . ." (*Beck Development Co. v. Southern Pacific Transportation Co.*, *supra*, 44 Cal.App.4th at p. 1217.) He or she "must present evidence that under the circumstances the nuisance may properly be considered continuing rather than permanent." (*Ibid.*)

In his declaration opposing summary judgment, Weidl said, "Within three years prior to filing suit and continuing thereafter, I have regularly and repeatedly expended significant sums of money for soil, road base, gravel and labor to repair the damage to my property and road *caused by excessive rainwater run off which is concentrated by Defendant's wall and directed over my road and property*, causing damage." (Italics added.) He believed the wall was the source of the damage, not the defendants' "use which may be discontinued at any time." (*Baker v. Burbank-Glendale-Pasadena Airport Authority*, *supra*, 39 Cal.3d at p. 869.) Where a nuisance has "characteristics which [are] overwhelmingly permanent," the plaintiff may not "elect to treat the encroachment as a continuing rather than a permanent nuisance." (*Spar v. Pacific Bell* (1991) 235 Cal.App.3d 1480, 1488.)

Citing *Lee v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 848, Weidl claims the statute of limitations did not begin to run. He argues damage to his property had "not yet stabilized," and consequently his cause of action had "not yet accrued." But *Lee* is distinguishable. There the court reversed a judgment of dismissal after the sustaining of a demurrer to the plaintiff's complaint. It concluded the plaintiff pled sufficient facts to overcome a demurrer based on the running

6

of the statute of limitations for her nuisance damage cause of action. The plaintiff alleged she suffered damage due to: 1) Metro Rail construction, and 2) "ongoing construction" that will "continue to damage [her] businesses." (*Id.* at p. 858.) Consequently, the plaintiff's damages had not stabilized because of the continuing construction activities.

By contrast, Weidl did not show that the Gils conducted ongoing construction. In his separate statement of facts, he said the wall was not complete, but he admitted the Gils conducted "no significant work towards completion *since 2005*." (Italics added.) Unlike the defendants in *Lee* and *Tracy*, the Gils did not initiate activities within the three-year limitations period that caused a nuisance. Moreover, Weidl's claim that the wall is not complete misses the point. The issue is whether the wall was intended to be a permanent structure when it was built, regardless of its current condition. (*Castelletto v. Bendon* (1961) 193 Cal.App.2d 64, 67.) Weidl has not shown that a large, decade-old concrete wall spanning the length of two football fields was built to only be a moveable or temporary structure.

Weidl claims he will be subject to continuous damage when it rains because the wall directs water to his property. He argues this nuisance consequently falls within the continuing category. We rejected a similar argument in *Bookout v. State of California ex rel. Dept. of Transportation* (2010) 186 Cal.App.4th 1478, 1490. There appellant claimed a pipeline, which redirected water and flooded his property when it rained, was a continuing nuisance. He argued he was not subject to the three-year statute of limitations. In rejecting this claim, we recognized that although damage could continually originate from the solid structure, the type of nuisance remained the same--permanent. We said, "A solid structure that encroaches on a plaintiff's land produces continuous damage. Yet, our Supreme Court described such a nuisance as 'unquestionably permanent.'" (*Ibid.*)

*An Abatable Nuisance*

The Gils also claim Weidl did not meet his burden to present evidence that the nuisance "is abatable by reasonable means and at a reasonable cost." We agree. Plaintiffs who allege continuing nuisances "must prove 'that whatever they claim

7

constitutes the nuisance is actually and practically abatable by reasonable measures and without unreasonable expense.'" (*Mangini v. Aerojet-General Corp.*, *supra*, 12 Cal.4th at p. 1098.) They must produce evidence on "hardship and cost" so the trier of fact may determine if the nuisance is abatable. (*Id.* at p. 1099.) Weidl did not meet that evidentiary burden.

Weidl presented a report by Mitch Perkins, an engineer. The Gils claim it does not support a triable issue of fact on abatement because it is a hearsay document without adequate foundation for its admissibility. We agree.

The report did not meet the minimal standards for evidence opposing summary judgment. The report was not a sworn document, nor was it signed. It was simply a two-page letter to Weidl from Perkins, with no indication that Perkins ever intended to testify as an expert witness. Weidl made no showing why Perkins did not file a declaration under penalty of perjury. (*Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 618.) In the letter, Perkins offered his conclusions without stating his qualifications for making them. He opined on the subject of downhill water flow erosion. He claimed that water flowing from the wall caused "erosion at the downhill side of the road." But he did not claim to be a geologist or hydrologist. He did not state that he ever received training in water flow origination or diversion. Nor did he discuss why water would not naturally flow downhill due to gravity, with or without a wall. Perkins opined that a "new culvert and re-compaction [of soil] should be performed to mitigate and diffuse the water transference." But he did not claim to have expertise on soil. In fact, he said that "[a] licensed Soils Engineer should be retained to provide soils and re-compaction specifications." Weidl made no showing why he did not retain such an expert to obtain those specifications, or why he did not obtain a declaration from a licensed soils engineer.

Moreover, neither Weidl nor Perkins made any estimates on the costs of abatement measures, the hardship of abatement for the Gils, or whether it could be performed "without unreasonable expense." (*Mangini v. Aerojet-General Corp.*, *supra*, 12 Cal.4th at pp.1098-1099.) These omissions were fatal to Weidl's claim that there was

8

a continuing nuisance.  (*Ibid.*)  From our independent review of the record, we conclude the trial court did not err by granting summary judgment for the Gils.

The judgment is affirmed.  Costs on appeal are awarded in favor of respondents.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

9

Denise de Bellefeuille, Judge

Superior Court County of Santa Barbara

_____


Frank P. Cuykendall for Plaintiff and Appellant.


Griffith & Thornburgh, LLP, John C. Eck for Defendants and Respondents.