Filed 5/29/14  Chan v. Wei CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TONY CHAN et al.,<br><br>    Plaintiffs, Cross-defendants and Respondents,<br><br>    v.<br><br>ZHONG LIN WEI et al.,<br><br>    Defendants, Cross-complainants and Appellants. | B242484<br>(c/w B245956)<br>(Los Angeles County<br>Super. Ct. No. GC041110) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  John P. Doyle, Judge.  Affirmed.

Law Offices of Shun C. Chen and Shun C. Chen for Defendants, Cross-complainants and Appellants.

A.H. Chan Law Firm, Alfred H. Chan and Ricardo Y. Merluza for Plaintiffs, Cross-defendants and Respondents.

———————————————

This litigation arises out of a dispute between neighbors over a property line. Defendants, cross-complainants, and appellants Zhong Lin Wei and Min Liang contend that they established all elements to support their claim to an easement over the strip of land between the two properties. Plaintiffs, cross-defendants, and respondents Tony Chan and King T. Chan argue that the trial court rightly determined that defendants are not entitled to an easement.

Because substantial evidence supports the judgment, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Strip of Land*

Plaintiffs and defendants are neighbors; the north side of plaintiffs' property borders the south side of defendants' property. A wooden fence borders both properties. It existed before plaintiffs purchased their property in 1992, and no one knows who built it.

At issue in this litigation is a strip of land, which is bordered by the wooden fence, between the two properties. At some point, plaintiffs began building a cinderblock wall that rests on the property line between the parcels.

*The Pleadings*

In an attempt to figure out who owned the strip of land, plaintiffs initiated litigation. They theorize that defendants encroached upon their property and converted plaintiffs' land to their own use without consent. Their third amended complaint alleges claims for quiet title, injunctive relief, unjust enrichment and constructive trust, trespass to land, and private nuisance.

Defendants answered the third amended complaint and filed a cross-complaint. Their first amended cross-complaint, the operative pleading, seeks an order granting prescription or equitable easement. It appears that plaintiffs never answered the first amended cross-complaint.

*Settlement Attempts*

The parties participated in court-ordered mediation. Following mediation, defendants brought a motion to enforce settlement. They asserted that the parties had

2

agreed to a two-foot lot line adjustment, measuring from defendants' garage to "[p]laintiffs' current gate." Plaintiffs opposed the motion, arguing that the parties did not agree as to which gate the two-foot setback was to be measured from. The trial court denied the motion on the grounds that, inter alia, a material term was absent. Specifically, it appeared to the trial court "that at least one party was referring to one gate, while the other side intended to establish the disputed boundary line from another gate, and therefore there was no meeting of the minds, a material term not having been agreed upon by all the parties for purposes of establishing a settlement agreement here."

*Trial; Statement of Decision; Judgment; Appeal*

Trial commenced on October 11, 2011.

Following trial, the trial court ruled in favor of plaintiffs. The trial court framed the issue as follows: The parties' "competing claims essentially require the Court to determine, on the one hand, whether the undisputed property line between the parties' parcels—as determined by the unrebutted evidence of a survey that was admitted at trial—governs, or, on the other hand, whether the defendants and cross-complainants presented sufficient evidence at trial to establish—by a preponderance of the evidence pursuant to governing law—that they are entitled to some kind of easement based essentially on their alleged prior use of a relatively narrow strip of land encroaching on plaintiffs' parcel near the property line. That is the essential inquiry here."

The trial court then summarized the elements to establish a prescriptive easement: "The party claiming such an easement must show use of the property which has been open, notorious, continuous and adverse for an uninterrupted period of five years." Citing *Gilardi v. Hallam* (1981) 30 Cal.3d 317, 322 (*Gilardi*), the trial court continued: "The elements which a claimant must establish in order to support a finding of a prescriptive easement are the same as those elements that must be established to prevail upon a claim for adverse possession, with the exception that it must also be shown that taxes were paid to establish a claim for adverse possession. While not a requirement for purposes of establishing a prescriptive easement, it is not disputed that defendants . . . did

3

not pay taxes on the disputed strip of land on plaintiffs' parcel as to which they now assert a prescriptive and/or some other kind of equitable interest."

Regarding defendants' allegedly hostile use of the property, the trial court made two key findings: First, the trial court stated, "The Court need not and will not recite here the entirety of the somewhat long litany of events that resulted eventually in this property line dispute. One central fact—disputed only as to a few relatively minor details—was the existence for many years of an increasingly dilapidated wooden fence that stood between the parties' homes, resting some eighteen inches, plus or minus, within plaintiffs' property line as subsequently determined by the unrebutted survey that was admitted into evidence at trial. While the testimony at trial diverged in some measure as to whether the resultant narrow strip of land on plaintiffs' parcel that lay on defendants' side of the fence was 'used' by defendants in any substantial way—for example, in the way that a prescriptive road user's encroachment on a fee-holder's roadway comprises an obvious 'use' of the roadway—the Court finds that defendants . . . failed at trial to prove facts sufficient to meet their burden in that regard." Second, "Defendants [did] not demonstrate[] that their use of the disputed strip of land was sufficient to put plaintiffs on notice of defendants' adverse and hostile claim of possession."

On February 21, 2012, the trial court issued an appendix to statement of decision, that was ordered to "be 'read together' with the" statement of decision.

Judgment was entered, and this appeal timely ensued.

## DISCUSSION

An easement is an interest in the land of another, which entitles the owner of the easement to a limited use or enjoyment of the other's land. (6 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 15:1, p. 5.) Easements may be created in a number of ways, including express grant and prescription. (*Id*. at § 15:13, pp. 60-63.)

1. *Prescriptive Easement*

To establish the elements of a prescriptive easement, the claimant must prove use of the property for the statutory period of five years, which use has been (1) open and

4

notorious, (2) continuous and uninterrupted, (3) hostile to the true owner, and (4) under a claim of right.  (*Mehdizadeh v. Mincer* (1996) 46 Cal.App.4th 1296, 1305.)

Whether the elements of a prescriptive easement are met is a factual question which we review for substantial evidence.  (*Felgenhauer v. Soni* (2004) 121 Cal.App.4th 445, 449.)  "In viewing the evidence, we look only to the evidence supporting the prevailing party.  [Citation.]  We discard evidence unfavorable to the prevailing party as not having sufficient verity to be accepted by the trier of fact.  [Citation.]  Where the trial court  or jury has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable.  [Citation.]  The trier of fact is not required to believe even uncontradicted testimony.  [Citation.]"  (*Rodney F. v. Karen M.* (1998) 61 Cal.App.4th 233, 241.)

Based upon witness testimony and other evidence admitted at trial, the trial court determined that defendants did not establish all elements of a prescriptive easement, specifically, the requirement of "hostility."  It found that defendants' use of the strip of land "was not hostile since both parties were operating under the mistaken belief that the old wooden fence correctly marked the property line."  Coupled with that finding was the trial court's determination that defendants did not "put plaintiffs on notice of defendants' adverse and hostile claim of possession."

Defendants do not dispute this evidence.  Instead, they argue that they established the requisite hostility element because their occupancy or use occurred through mistake. We disagree.  "[T]he grant of adverse possession or a prescriptive easement requires not innocent intent, but an intent to dispossess the owner of the disputed property, whether the encroacher is acting deliberately or negligently."  (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 770 (*Hirshfield*), citing *Gilardi*, *supra*, 30 Cal.3d at pp. 321–322.) Here, as defendants concede, their use was innocent; they did not act deliberately.  And, they direct us to no evidence that they acted negligently.

To the extent defendants argue that the trial court was wrongfully influenced by defendants' failure to pay taxes on the strip of land, we are not convinced.  The trial court

5

noted that defendants did not pay taxes, but it did not base its conclusion based upon that evidence.

### 2. *Equitable Easement*

Relying principally upon *Hirshfield*, *supra*, 91 Cal.App.4th 749, defendants contend that the trial court erred by failing to grant them an equitable easement.

An equitable protective interest in land, or equitable easement, is distinguishable from a prescriptive easement, which has different requirements. (*Hirshfield*, *supra*, 91 Cal.App.4th at pp. 754–755, 769–771.) "The fundamental distinction between a protective interest in equity and a prescriptive easement is illustrated by the differing rationales behind these two theories. Adverse possession and prescriptive easements express a preference for use, rather than disuse, of land. They are designed not to reward the taker or punish the dispossessed, but to reduce litigation and preserve the peace by protecting long-standing possession. [Citation.] Equity is manifestly different. When a court exercises its equity powers, its principal concern is to promote justice, acting through its conscience and good faith." (*Hirshfield*, at p. 769.)

This equitable doctrine (at times referred to as the relative hardship or balancing of hardships doctrine, see *Woodridge Escondido Property Owners Assn. v. Nielsen* (2005) 130 Cal.App.4th 559, 573, fn. 15; *Donnell v. Bisso Brothers* (1970) 10 Cal.App.3d 38, 45 (*Donnell*)) "may be applied [by a trial court] to determine whether to grant an injunction or to quiet title to an easement." (*Field-Escandon v. DeMann* (1988) 204 Cal.App.3d 228, 237 (*Field-Escandon*); see also *Donnell*, at pp. 44–47; *Miller v. Johnston* (1969) 270 Cal.App.2d 289, 306 [applying doctrine to a plaintiff's claim for access and egress through another's property to access the plaintiff's garage].) In *Christensen v. Tucker* (1952) 114 Cal.App.2d 554, the court set forth three requirements for denial of an injunction against encroachment under the doctrine: "1. Defendant [i.e., encroacher] must be innocent—the encroachment must not be the result of defendant's willful act, and perhaps not the result of defendant's negligence. In this same connection the court should weigh plaintiff's conduct to ascertain if he is in any way responsible for the situation. 2. If plaintiff will suffer irreparable injury by the encroachment, the injunction

6

should be granted regardless of the injury to defendant, except, perhaps, where the rights of the public will be adversely affected.  3. The hardship to defendant by the granting of the injunction must be greatly disproportionate to the hardship caused plaintiff by the continuance of the encroachment and this fact must clearly appear in the evidence and must be proved by the defendant." (*Id*. at pp. 562–563; *Field-Escandon*, at p. 238; see also *Warsaw v. Chicago Metallic Ceilings, Inc.* (1984) 35 Cal.3d 564, 572–573.)

The trial court balanced the hardships and determined that ordering plaintiffs to surrender or share with defendants "a not insubstantial portion of their land" would be "far more onerous" than not granting the easement.  After all, with or without an easement, defendants' access to the garage remains unimpeded; there is sufficient space for defendants to load and unload vehicles in the driveway; and there are alternate means to load and unload vehicles if the space feels too tight.

3. *Other Issues*

Defendants direct us to purported evidence of "plaintiffs' repeated illegal conduct to take the law into their own hands."  (Emphasis omitted.)  This "evidence" is irrelevant to the issue tried and the issue on appeal—that is, the question of whether defendants established that they were entitled to an easement.

Defendants also argue that the judgment should be reversed because the trial court acted unfairly.  After reviewing the appellate record, we see no indication that the trial court denied defendants an impartial hearing.

Finally, the trial court did not err by refusing to enforce the settlement agreement. As set forth above, the trial court determined that there was no meeting of the minds as to a material term, namely "which gate the disputed set back was to be measured from." This finding is supported by the evidence that there were two gates alongside the property.  Without agreement on this key term, the trial court rightly denied enforcement of the settlement agreement.

## DISPOSITION

The judgment is affirmed.  Plaintiffs are entitled to recover costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
BOREN


_____, J.[*]
FERNS

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.