Filed 2/24/20

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ALI MADANI,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>MICHAEL RABINOWITZ,<br><br>        Defendant and Appellant. | B292395<br><br>Los Angeles County<br>Super. Ct. No. LC103975 |

        APPEAL from a judgment of the Superior Court of Los Angeles County, John J. Kralik, Judge. Affirmed.

        Richard Darington Pfeiffer for Defendant, Appellant, and Cross-Respondent.

        Douglas S. Draper, for Plaintiff, Respondent, and Cross-Appellant.

# INTRODUCTION

Ali Madani sued his next-door neighbor, Michael Rabinowitz. Madani brought trespass and nuisance claims, seeking to remove a portion of Rabinowitz's fence, which encroached on Madani's property. Madani also sought to enjoin Rabinowitz from continuing to park old, inoperable cars on a driveway Madani owned, and to collect damages from Rabinowitz for the latter's past use of the driveway for that purpose.

Rabinowitz raised a statute of limitations defense. Whether a trespass or nuisance claim for an encroachment is barred by the statute of limitations turns on whether the encroachment is continuing or permanent. For permanent encroachments, the three-year statute of limitations begins to run on the date the encroachment began, and bars all claims brought after its passage. For continuing encroachments, a plaintiff may assert a claim even if the encroachment began outside the limitations period, but is limited to recovering damages incurred in the preceding three-year period.

In a lengthy and well-reasoned statement of decision, the trial court concluded the fence and parked cars were continuing encroachments and ordered their removal. It also concluded Madani failed to prove his damages claim. We affirm.

Because boundary fences and walls often are constructed without reference to boundary line surveys, disputes between neighbors about resulting encroachments are not uncommon. We found no published California case resolving statute of limitations issues involving this problem, however. We publish with the hope of heading off further litigation on the topic. (Cal. Rules of Court, Rules 8.1105 (c)(2), (6).)

2

## FACTUAL AND PROCEDURAL BACKGROUND

Madani and Rabinowitz own adjoining residential parcels. Rabinowitz has lived on his property since June 1979. Madani purchased his property in 2000 and rented it out until February 2015, when he began living there.

The property layout is shown in Appendix I. Rabinowitz's property abuts San Feliciano Drive. Madani's parcel is mostly located behind Rabinowitz's except for a 10-foot wide "flagpole" of land that extends out to the street. That 10-foot wide strip of land, along with a 20-foot wide strip owned by a non-party neighbor named Roper, makes up a common driveway. The common driveway was used by Madani, Rabinowitz, Roper and the owner of a nearby fourth parcel. It is undisputed that Rabinowitz has a right to use the driveway for ingress and egress.

Since Rabinowitz moved onto his property, a fence has run alongside the driveway, as shown in Appendix I. The fence originally was made out of chain link and grape stake. In 2015, Rabinowitz replaced the original fence with a wooden one, in the same location.

At the time of trial, Rabinowitz owned more than 15 vehicles. Since Rabinowitz began residing on his property, he stored several of his vehicles on the portion of the driveway owned by Madani. On appeal, Rabinowitz asserts no reason why he should be allowed to park the vehicles on the driveway, other than that he has been doing so for years without complaint, and his contention that the statute of limitations has elapsed.

In April or May 2015, Madani asked Rabinowitz to move the cars because Madani wanted to repair the driveway. In June 2015, Madani sent Rabinowitz a letter, reiterating his request to

3

remove the cars. He did not receive a response. Madani mailed a second letter to Rabinowitz in July 2015, again asking him to remove his cars from the driveway. Rabinowitz wrote back in August 2015, stating he was "unwilling to forfeit [his] right to park" on the driveway.

In light of Rabinowitz's response, Madani commissioned a survey of his property. The survey confirmed the portion of the driveway on which Rabinowitz had been parking his cars was located on Madani's property. The survey also revealed that although Rabinowitz's fence was properly located at the boundary between his and Madani's property on one end, the other end of the fence encroached onto Madani's property by approximately two feet.

On March 16, 2016, Madani filed a complaint seeking damages and injunctive relief based on theories of trespass and nuisance. Rabinowitz timely filed an answer and, after receiving the trial court's permission, filed a cross-complaint on April 10, 2017. In his cross-complaint, Rabinowitz sought to quiet title based on theories of adverse possession and prescriptive easement; alternatively, he sought equitable relief under Civil Code section 871.1 *et. seq.*, California's good faith improver statute. He later abandoned his adverse possession claim.

Following a bench trial, the trial court issued a comprehensive statement of decision ruling in Madani's favor. Of relevance to this appeal, the court found: (1) Madani's trespass and nuisance claims were not barred by the statute of limitations, as Rabinowitz's fence and vehicles were continuing rather than permanent encroachments; and (2) Rabinowitz did not prove he was entitled to judgment based on his prescriptive easement and good faith improver claims.

4

The trial court issued an injunction requiring Rabinowitz to remove his fence and vehicles from Madani's property. The court declined to award Madani damages, however, based on failure of proof. Rabinowitz appealed and Madani cross-appealed the court's judgment.

## DISCUSSION

**I.      The trial court correctly found Madani's trespass and nuisance claims were not time-barred.**

"Normally, the determination of when a plaintiff's cause of action accrues is a question of fact we review on appeal for substantial supporting evidence. [Citations.]" (*Pacific Shores Property Owners Assn. v. Dept. of Fish & Wildlife* (2016) 244 Cal.App.4th 12, 34 (*Pacific Shores)*.) Thus, whether an encroachment is continuing or permanent is a fact question typically reviewed by appellate courts for substantial evidence. (See *Mangini v. Aerojet-General Corp.* (1996) 12 Cal.4th 1087, 1103.) Where, as here, however, "the underlying facts are not in dispute or susceptible of more than one legitimate inference, the question of when a cause of action accrues is a question of law, subject to independent review. [Citations.]" (*Pacific Shores, supra,* 244 Cal.App.4th at p. 34.) Under either standard, we conclude for the reasons discussed below that Rabinowitz's fence is a continuing encroachment. Therefore, Mandani's claims are not time-barred.

In California, the statute of limitations for bringing a trespass claim is three years. (Code Civ. Proc., § 338, subd. (b).) The same three-year statute of limitations applies to private nuisance claims. (See *Holdgrafer v. Unocal Corp.* (2008) 160 Cal.App.4th 907, 925.) As noted above, whether a trespass or

5

nuisance claim is barred by the statute of limitations turns on whether the wrongdoing is permanent or continuing in nature. (See *Starrh & Starrh Cotton Growers v. Aera Energy LLC* (2007) 153 Cal.App.4th 583, 592.)[1]

"In general, a permanent nuisance is considered to be a permanent injury to property for which damages are assessed once and for all, while a continuing nuisance is considered to be a series of successive injuries for which the plaintiff must bring successive actions. [Citation.]" (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1216 (*Beck*).) "With respect to a permanent nuisance, the statute of limitations begins to run on the creation of the nuisance and bars all claims after its passage[.]" (*Id.* at pp. 1216-1217.) By contrast, "each repetition of a continuing nuisance is considered a separate wrong which commences a new period in which to bring an action for recovery based upon the new injury. [Citation.]" (*Id.* at p. 1217.) Thus, if a trespass or nuisance is continuing, "'an action may be brought at any time to recover the damages which have

---

[1] Miller and Starr have interpreted a decision by the Third Appellate District to mean an action seeking a mandatory injunction to remove an encroachment is governed by the five-year limitations period set forth in section 318 of the Code of Civil Procedure, which does not expire "unless the encroacher's use of the property ripens into either title by adverse possession or a valid prescriptive easement[.]" (Miller & Starr, Cal. Real Estate (4th ed. 2019) § 17:7, pp. 17-24 [discussing *Harrison v. Welch* (2004) 116 Cal.App.4th 1084, 1096].) Because we conclude Rabinowitz's fence is a continuing encroachment, and because Rabinowitz abandoned his claims of adverse possession and is not pursuing his prescriptive easement claim, we do not need to resolve whether Madani's claims fall within the purview of section 318.

accrued within the statutory period, although the original trespass occurred before that period[.]'" (*Polin v. Chung Cho* (1970) 8 Cal.App.3d 673, 678.) The same principles apply whether the wrongdoing is characterized as a nuisance or trespass. (*Bookout v. State of California ex. rel. Dept. of Transportation* (2010) 186 Cal.App.4th 1478, 1489 (*Bookout*).)

Rabinowitz argues that to the extent Madani's trespass and nuisance claims are based on his fence's encroachment, the claims are barred by the statute of limitations. The fence, he asserts, constitutes a permanent encroachment and was erected prior to 1979, well outside the three-year limitations period.[2] In support of his position, Rabinowitz contends the fence was intended to be a permanent structure, as it has served as a boundary marker for over thirty years and has been affixed to posts or poles cemented into the ground. (Here, he disregards the inconvenient fact of the old fence's replacement in 2015 with the existing fence.) He also emphasizes the fence did not have a repeated or varying impact on Madani's property. We disagree with Rabinowitz's conclusion.

Rabinowitz correctly observes the courts, when deciding whether a trespass or nuisance is permanent or continuing, previously considered whether the circumstances of a structure's construction "indicate an intention that the trespass shall be permanent" (*Kafka v. Bozio* (1923) 191 Cal. 746, 750) and whether a trespass or nuisance's "impact may vary over time." (*Field-Escandon v. Demann* (1988) 204 Cal.App.3d 228, 234.) More recently, however, our Supreme Court acknowledged the

---

[2]     Rabinowitz does not challenge the trial court's finding that parking his cars on Madani's property is a continuing encroachment.

7

"'crucial test of the permanency of a trespass or nuisance is whether the trespass or nuisance can be discontinued or abated.' [Citation]." (*Mangini, supra,* 12 Cal.4th at p. 1097.) Under this test, sometimes referred to as the "abatability test" (see, e.g., *Beck, supra*, 44 Cal.App.4th at p. 1220), a trespass or nuisance is continuing if it "can be remedied at a reasonable cost by reasonable means." (*Mangini, supra,* 12 Cal.4th at p. 1103.)

Rabinowitz replaced the fence in 2015, and testified the existing fence could be moved for a comparatively modest cost. To move the fence by two feet to conform with the property boundary, Rabinowitz would have to break the concrete where the fence's supporting posts are cemented into the ground and "pour[] new concrete in the area where the posts ha[ve] to be moved." He testified that while the posts would need to be replaced, "the fencing material itself, which [was] costly," could be reused in relocating the fence. Rabinowitz further testified he would have to reconfigure the gate closest to his garage door to accommodate the fence's new location. He estimated it would cost approximately $5,000 to $6,000 to move the fence. On these undisputed facts, we agree with the trial court that the expense Rabinowitz would incur in moving his fence "is not sufficient . . . to regard the fence as a permanent installation."

Additionally, we reject Rabinowitz's contention the abatability test only applies in cases involving "toxic waste flows," and is inapplicable to "encroaching physical structure cases." While it is true the abatability test is "most often stated in contamination cases" (*Beck, supra*, 44 Cal.App.4th at p. 1219), the test has never been restricted to use in those circumstances. For example, our Supreme Court applied a version of the abatability test to determine whether a physical structure

8

constituted a continuing or permanent nuisance in *Phillips v. Pasadena* (1945) 27 Cal.2d 104, 107-108. There, the Supreme Court held placement of a locked gate across a road was a continuing nuisance, as the gate "could have been removed at any time." (*Id.* at p. 108.*)

As the trial court noted, property values have risen "to the point where even modest properties represent small fortunes." The cost of relocating a boundary fence or wall pales in comparison to the property value. Thus, it is difficult to conceive of a case where relocation of a boundary fence or wall would be so costly as to render it a permanent encroachment. Certainly, this is not such a case.

Accordingly, the trial court did not err in finding the fence was a continuing encroachment, and correctly concluded Madani's claims for trespass and nuisance based on the fence's encroachment were not barred by the statute of limitations.[3] As the trial judge wisely noted, "[i]n general, the law does not reward those who seize what is not theirs."

## II. The trial court did not err in declining to award Madani damages on his trespass and nuisance claims.

"Whether a plaintiff is 'entitled to a particular measure of damages is a question of law subject to de novo review. [Citations.] The amount of damages, on the other hand, is a fact question . . . [and] an award of damages will not be disturbed if it

---

[3] Having concluded Madani's claims are not barred by the statute of limitations because the fence was a continuing encroachment, we need not consider Madani's alternative arguments offered in support of his position that his claims were timely.

9

is supported by substantial evidence.' [Citation.]" (*Rony v. Costa* (2012) 210 Cal.App.4th 746, 753.)

Civil Code section 3334 provides Madani is entitled, as one measure of damages, to the dollar value of benefits Rabinowitz received by parking his cars on Madani's driveway.[4] Madani contends the trial court erred by refusing to recognize that measure of damages. He is incorrect.

Madani's argument is premised on a fundamental misunderstanding of the trial court's rationale for declining to award him damages. The court did not — as Madani contends — reject Madani's theory that he was entitled to damages as measured by the benefits Rabinowitz received. Rather, the court apparently agreed Madani was entitled to his requested measure of damages. The court heard testimony by Rabinowitz and Rodd Hitch, Madani's real estate appraisal expert, on the amount Rabinowitz would have had to pay to store his cars in a commercial storage lot instead of on Madani's driveway. The court found this amount "was not an accurate measure of the benefit received," however. Specifically, the court found cars on driveways "are subject to the elements and theft in a way that they would not be on a commercial lot." The trial court reasonably could conclude that even an open storage lot, where the vehicles might also be exposed to the elements, would be

---

[4] Under Civil Code section 3334, subdivision (b), where a trespass is not "the result of a mistake of fact of the wrongful occupier," damages may be recovered in the amount of "the greater of the reasonable rental value of that property or the benefits obtained by the person wrongfully occupying the property by reason of that wrongful occupation." (Civ. Code, § 3334, subd. (b).)

more secure (and thus of greater benefit to Rabinowitz) than parking in the driveway. Thus, the court rejected Hitch's testimony that the cost of car storage in a commercial lot was an appropriate measure of the benefits Rabinowitz received.

As the trier of fact, the trial court was "not required to believe even uncontradicted testimony. [Citation.]" (*Hauser v. Ventura County Bd. of Supervisors* (2018) 20 Cal.App.5th 572, 576.) And, as the reviewing court on appeal, we may not question the trial court's assessment of Hitch's credibility on the comparability issue or the weight the court attributed to his testimony. (See *Bookout, supra*, 186 Cal.App.4th at p. 1486.) Because Madani did not present any other evidence upon which the trial court could value the benefits Rabinowitz received, the court refused to award damages. In other words, Madani failed to prove the amount of his damages.

Also, having awarded injunctive relief to Madani, the court properly invoked equitable considerations in denying an award of damages. The court considered "the fact that the [injunction requiring] relocation of the fence would impose some hardship on Mr. Rabinowitz" and that "Mr. Rabinowitz also testified that he cared for the roadway over the years." (See *Estate of Collins & Flowers* (2012) 205 Cal.App.4th 1238, 1246 ["A trial court sitting in equity has broad discretion to fashion relief. [Citation.]"; see also *Bechtel v. Wier* (1907) 152 Cal.443, 446 [noting "[f]rom the very nature of equity a wide play is left to the conscience of the chancellor in formulating his decrees."].) These equitable considerations provided additional reasons not to award damages.

Accordingly, Madani has not shown the trial court erred in declining to award him damages.

## DISPOSITION

The judgment is affirmed. In the interests of justice, the parties shall bear their own costs on appeal.

CURREY, J.

WE CONCUR:

WILLHITE, Acting P. J.

COLLINS, J.

12

# APPENDIX I



This diagram is for illustrative purposes and is based on Trial Exhibit No. 2.

13