[No. B220875. Second Dist., Div. Four. June 21, 2011.]

ALI TASHAKORI et al., Plaintiffs and Respondents, v.
JOHN LAKIS, as Trustee, etc., et al., Defendants and Appellants.

1004

Counsel

Hitchcock Bowman & Schachter, Robert B. Schachter; Lewis Brisbois Bisgaard & Smith, Roy G. Weatherup, Caroline E. Chan and Matthew B. Stucky for Defendants and Appellants.

Snyder Law, Barry Clifford Snyder and Kenneth H. Martin for Plaintiffs and Respondents.

Opinion

**WILLHITE, J.—**

## INTRODUCTION

Ali and Mahnaz Tashakori purchased a property with a house on it as well as an adjoining empty lot where they intended to build another home. In 2006 they sold the property with the existing home on it, while retaining the undeveloped lot. At that time, they learned that there was no recorded easement access to the empty lot, rendering it landlocked. They brought suit seeking to establish their right to ingress and egress over a small strip of land with a driveway owned by their neighbors, John and Mary Lakis. After a bench trial, the trial court granted the Tashakoris an "equitable easement" over the driveway area.

The Lakises appeal the judgment, arguing that the trial court lacked a legal basis for creating the equitable easement over their property because they

contend (1) the equitable easement theory may only be raised as a defense to a property owner's request for an injunction ordering the removal of an encroachment; (2) the "encroaching" use was not sufficiently long-standing; and (3) the trial court erred by failing to award them damages as compensation for the use of their driveway. We hold that the trial court's creation of the equitable easement was well within its discretion, and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, the Tashakoris brought a complaint against the Lakises[1] seeking (1) quiet title to rights of ingress and egress across an easement over the Lakises' property; (2) declaratory relief; (3) injunctive relief preventing interference with easement; and (4) an equitable easement in the alternative. During the bench trial, the Tashakoris did not argue that a traditional easement existed, but instead presented evidence in support of their request for an equitable easement over the driveway area on the Lakises' property.

The following factual summary is taken from the trial court's statement of decision; the Lakises do not challenge any of the court's factual findings therein.

In 2003, the Tashakoris purchased two adjoining parcels, "Lot 18" and "Lot 19," in Rancho Palos Verdes, from the same owner. Lot 18 is an undeveloped lot, while Lot 19, at 2212 Via Velardo, has a house on it. Like the previous owner of Lots 18 and 19, the Tashakoris accessed both lots via a shared driveway extending from Lot 19 to the nearest street, Via Velardo. That shared driveway, which travels across a small portion of land owned by the Lakises, is the sole means of access for Lots 18 and 19.

In 2006, the Tashakoris sold Lot 19 to Hideki and Kyonsu Irabu, but retained the undeveloped Lot 18. At that time, they discovered that Lot 18 was essentially landlocked because there was no recorded easement to any nearby public street. Although there was an easement in favor of Lot 18 across Lot 19, it did not extend across the shared driveway to Via Velardo. Another neighboring property owner, Clyde Thomas, began to protest the Tashakoris' use of the shared driveway to access Lot 18.[2] In April 2008, the Tashakoris brought the instant suit to establish their right to use the shared driveway to access Lot 18.

---

[1] In their complaint, the Tashakoris named other neighbors and stakeholders as well, but they either settled with or took the default of all the defendants except the Lakises.

[2] The Tashakoris' complaint alleges that "[b]eginning on or about November 6, 2006 . . . Thomas and Lakis have repeatedly and continually stated that any owner of Lot 18 may not use the Disputed Easement to access Lot 18 from the public street. Thomas and Lakis have stated that any owner of Lot 18 that attempts to access Lot 18 by use of the Disputed Easement would be trespassing, and would be subject to legal action." In their answer, the Lakises

The trial court found that the Tashakoris were innocent, and their encroachment on the Lakis property was neither willful nor the result of negligence. "Prior to purchasing the property, the Tashakoris made a diligent and good faith effort to determine whether Lot 18 had easement access, including commissioning a preliminary title report and discussing access issues in accordance therewith with the real estate broker and the prior owner. The Tashakoris reasonably relied on inaccurate representations by the real estate broker and the prior owner, and the legal description contained in the preliminary title report, believing that Lot 18 had dedicated recorded easement access when they purchased their property."

The court further found that "[t]he Lakises will suffer very little or no harm from the Tashakoris' use of the driveway and easement area. The Lakises do not use and have never used the shared driveway, nor the land on which the driveway sits. The area is completely separated from the main portion of the Lakis property by a fence and vegetation, and is thus not accessible from the rest of the Lakis property without scaling the fence. The Lakises do not pay and have never paid for upkeep of the shared driveway, nor do they maintain and landscape or have they ever maintained or landscaped the area surrounding the driveway. The land on which the easement area is located essentially provides no benefit to the Lakises. [¶] In addition, the driveway is currently used for ingress and egress by two other single family residences. The potential future use of the driveway by one additional family, should a house ever be built upon Lot 18, will not create a significant additional burden on the easement or the land on which it is located." The court found that the Lakises' stated concern about the invasion of their privacy should the Tashakoris build a home on Lot 18 was not relevant to the issue whether an easement should be granted over the separate driveway area, and, in any event, "the location of the likely buildable site, coupled with the current natural vegetation, will afford the Lakises significant protection of their privacy while enjoying their backyard." The court noted that the Lakises presented no evidence to suggest that there would be any diminution in value to their property should the court grant the equitable easement sought by the Tashakoris.

By contrast, the court found that the Tashakoris would be "irreparably harmed" if the court denied them an equitable easement to use the shared driveway. "Lot 18 would be inaccessible and essentially unusable. The Tashakoris would not be able to legally walk onto their own land. They would be unable to perform the required duties of land ownership, such as removal of brush to comply with fire regulations." The court concluded that

admitted that they "have stated that any owner of Lot 18 may not use the 'disputed easement' to access Lot 18 from the public street and that such use would be trespassing and subject to legal action."

"[t]he irreparable injury to the Tashakoris that would be caused by the denial of an equitable easement strongly outweighs the very minor and relative harm that might be caused to the Lakises by the imposition of an equitable easement." The court thus entered a judgment granting an equitable easement for ingress and egress purposes for the benefit of Lot 18.

The Lakises timely appealed.

## DISCUSSION

The issue before us on appeal is whether the trial court erred in granting an equitable easement over the Lakises' property for the benefit of Lot 18, the currently undeveloped property owned by the Tashakoris. The Lakises do not challenge the trial court's factual findings. As such, they contend that this appeal raises only questions of law that we should review de novo. We disagree. When reviewing a trial court's exercise of its equity powers to fashion an equitable easement, we will overturn the decision only if we find that the court abused its discretion. (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 771 [110 Cal.Rptr.2d 861] (*Hirshfield*).) With no facts in dispute, our role here is to determine whether the decision granting the Tashakoris an equitable easement for the benefit of Lot 18 " ' "falls within the permissible range of options set by the legal criteria." ' " (*Ibid.*) We conclude that it does.

 In appropriate cases in which the requirements for traditional easements are not present, California courts have exercised their equity powers to fashion protective interests in land belonging to another, sometimes referring to such an interest as an "equitable easement." (See, e.g., *Linthicum v. Butterfield* (2009) 175 Cal.App.4th 259, 262 [95 Cal.Rptr.3d 538] (*Linthicum*) [quieting title to "equitable easement"]; *Hirshfield, supra,* 91 Cal.App.4th at p. 767 [granting an "equitable protective interest"]; *Field-Escandon v. DeMann* (1988) 204 Cal.App.3d 228, 237 [251 Cal.Rptr. 49] ["easement" granted in equity]; *Donnell v. Bisso Brothers* (1970) 10 Cal.App.3d 38, 46 [88 Cal.Rptr. 645] ["easement" created by equity]; *Miller v. Johnston* (1969) 270 Cal.App.2d 289, 292 [75 Cal.Rptr. 699] (*Miller*) [plaintiffs were "equitably entitled to an easement"]; *Christensen v. Tucker* (1952) 114 Cal.App.2d 554, 563 [250 P.2d 660] (*Christensen*) [finding court should have granted an easement in equity to defendants whose structures encroached on plaintiff's land].) Most of these cases involve the determination whether a defendant should be ordered to remove physical encroachments located on the property of the plaintiff. (See, e.g., *Hirshfield, supra,* 91 Cal.App.4th at p. 756 [block wall, underground water and electrical lines, and several pool motors encroached on neighbor's property]; *Field-Escandon v. DeMann, supra,* 204 Cal.App.3d at p. 237 [sewer line encroached on property]; *Donnell v. Bisso*

*Brothers, supra,* 10 Cal.App.3d at p. 41 [defendants constructed paved road on plaintiffs' property]; *Christensen, supra,* 114 Cal.App.2d at pp. 555–556 [cement abutment, garage, and badminton court encroached on plaintiff's land].) "[T]he courts are not limited to judicial passivity as in merely refusing to enjoin an encroachment. Instead, in a proper case, the courts may exercise their equity powers to affirmatively fashion an interest in the owner's land which will protect the encroacher's use." (*Hirshfield, supra,* 91 Cal.App.4th at p. 765.)

■ The "relative hardship" test helps courts assess whether to deny injunctive relief to a property owner and instead grant an equitable easement to the encroaching user. To create an equitable easement, "three factors must be present. First, the defendant must be innocent. That is, his or her encroachment must not be willful or negligent. The court should consider the parties' conduct to determine who is responsible for the dispute. Second, unless the rights of the public would be harmed, the court should grant the injunction if the plaintiff 'will suffer irreparable injury . . . regardless of the injury to defendant.' Third, the hardship to the defendant from granting the injunction 'must be greatly disproportionate to the hardship caused plaintiff by the continuance of the encroachment and this fact must clearly appear in the evidence and must be proved by the defendant. . . .' [Citation.]" (*Hirshfield, supra,* 91 Cal.App.4th at p. 759, italics omitted.)

This same "relative hardship" test has been applied in cases involving not physical encroachments on another's property, but rather disputed rights of access over a neighbor's property. For example, in *Miller,* the plaintiffs successfully sued to establish a right of ingress and egress to their property over a portion of the defendants' property. (*Miller, supra,* 270 Cal.App.2d 289.) Acknowledging that in previous decisions applying the test "the courts were dealing with fixed structures which encroached on the property of another," the appellate court concluded that "[t]here is no difference in principle, only in degree, between a driveway which cuts across a corner of lands of another and so encroaches 24 hours a day, and the transitory passage of vehicles which intermittently invade such lands." (*Id.* at p. 306.) The court thus held that the trial court properly applied the relative hardship test in "adjust[ing] the equitable rights" of the parties by awarding the plaintiffs an easement for ingress and egress over the defendants' property. (*Id.* at p. 292.)

Our colleagues in Division Six recently applied the "relative hardship" test in another case involving use of a roadway on a neighbor's private property. (*Linthicum, supra,* 175 Cal.App.4th 259.) In *Linthicum,* the "[p]laintiffs bought a parcel of land on which defendant owners of neighboring parcels used a roadway, the only access to their land. Plaintiffs sought an injunction to prevent defendants from using the roadway. Defendants cross-complained

to quiet title to an easement for the roadway. The trial court quieted title to an equitable easement in favor of defendants." (*Id.* at p. 262.) The appellate court found that the trial court acted well within its discretion in concluding that the balance of equities favored the defendants' continued use of the roadway. (*Id.* at p. 267.)

The instant case presents a similar factual scenario to that in *Linthicum*, as the Tashakoris seek an equitable easement permitting them to continue to use the shared driveway that travels across a portion of the Lakises' property. Applying the "relative hardship" test, the trial court found that the Tashakoris purchased the undeveloped Lot 18 with the innocent belief that an easement to the public road existed. After concluding that the Lakises would suffer virtually no harm at all from the Tashakoris' use of the shared driveway to access Lot 18, and that the Tashakoris would be irreparably harmed if their sole means of accessing their property were denied, the trial court granted an equitable easement over the Lakises' property.

The Lakises contest neither the trial court's factual findings nor the manner in which the trial court applied the "relative hardship" test. Rather, they contend that the equitable easement theory is altogether inapplicable because three separate prerequisites for granting an equitable easement are not present in this case. We discuss each of these supposed requirements in turn below.

*Procedural Posture of the Parties*

First, the Lakises contend that the equitable easement theory may be raised only as a *defense* to a property owner's suit to enjoin an encroachment or trespass, and only exists to provide an alternative to ordering the removal of an encroachment where it would be inequitable to do so. They correctly contend that in most of the California appellate decisions in which an equitable easement has been granted, the theory was raised by an encroaching defendant as a defense to a plaintiff's claim seeking the removal of the encroachment. (See, e.g., *Linthicum, supra,* 175 Cal.App.4th at p. 262; *Hirshfield, supra,* 91 Cal.App.4th at p. 756; *Christensen, supra,* 114 Cal.App.2d at p. 555.)[3] They thus maintain the Tashakoris could not properly

---

[3] The Tashakoris correctly point out that in *Miller,* it was the plaintiffs who were granted an equitable easement, not the defendants. The court held that "[t]he fact that plaintiffs instituted the litigation does not change the relative rights and obligations of the parties. In fact it shows that plaintiffs wished to proceed in good faith rather than tortiously." (*Miller, supra,* 270 Cal.App.2d at p. 307.) However, unlike in the instant case, in *Miller* the defendants prayed in their answer for an injunction restraining the plaintiffs' use of the defendants' property. (*Id.* at p. 305.) Although not entirely clear from the decision, it appears that the court granted the equitable easement in response to the defendants' cross-claim for injunctive relief (*id.* at p. 307). Because the Lakises did not seek injunctive relief in a cross-claim, *Miller* is not on all fours with the instant case.

allege the theory as a stand-alone claim in their complaint seeking a right of access over the Lakises' property. Not surprisingly, the parties disagree regarding whether the atypical procedural posture in the instant case—with the Tashakoris seeking an equitable easement as plaintiff, without any claim by the Lakises for injunctive relief to deny the Tashakoris access over their property—is more than a mere procedural nicety.

The Lakises point to the "primary rights theory" of causes of action (see *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797–798 [108 Cal.Rptr.3d 806, 230 P.3d 342] (*Boeken*)), which they note requires that "[t]o establish a cause of action, a plaintiff must demonstrate the wrongful conduct of the defendant which violates a primary right existing in favor of the plaintiff."[4] They contend that the Tashakoris' "equitable easement" claim is defective as an affirmative cause of action because it does not rest on any alleged wrongdoing by the Lakises.

The Lakises, however, misconstrue the nature of the equitable easement claim asserted by the Tashakoris, which is properly construed as a request for *declaratory relief*. In essence, the "primary right" underlying the Tashakoris' equitable easement claim is the *Lakises'* alleged right to exclusive possession of their property encompassing the shared driveway, with the supposed "wrongdoing" being the Tashakoris' breach of this property right. (See *Olsen v. Breeze, Inc.* (1996) 48 Cal.App.4th 608, 625 [55 Cal.Rptr.2d 818] [noting primary right to possession of real property].) The Tashakoris seek a finding that, notwithstanding the Lakises' property rights, the Tashakoris are equitably entitled to continue to access the Lakises' property. The fact that the equitable easement claim is not denominated as a request for declaratory relief is inconsequential: First, "[t]he subject matter of an action and the issues involved are determinable from the facts pleaded, rather than from the title or prayer for relief." (*Standard Brands of California v. Bryce* (1934) 1 Cal.2d 718, 721 [37 P.2d 446]; see also *Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 807–808 [135 Cal.Rptr.2d 1, 69 P.3d 927] [even where plaintiff did not designate her complaint as one for declaratory relief, she was entitled to declaration of her rights and duties where complaint asked court to adjudge the rights and duties of plaintiff and defendants and alleged facts establishing

---

[4] Under the primary rights theory, " '[a] cause of action . . . arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. "Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term . . . ." ' [Citation.]" (*Boeken, supra,* 48 Cal.4th at pp. 797–798.) We should note that "[t]he primary right theory has a fairly narrow field of application. It is invoked most often when a plaintiff attempts to divide a primary right and enforce it in two suits" (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 682 [34 Cal.Rptr.2d 386, 881 P.2d 1083]), which is not the situation before us here. However, we take the Lakises' point to be that every cause of action must be based on an alleged wrong sought to be remedied.

an actual controversy]); second, the claim for an equitable easement incorporates by reference the request for declaratory relief that is the Tashakoris' second claim in their complaint. As the Lakises acknowledge, "[a]ll of the causes of action were directed at the same goal: obtaining a right of passage over the defendants' properties to allow for ingress and egress to the Tashakoris' property." We therefore conclude that the complaint adequately raises a justiciable issue as to whether the Tashakoris are entitled to an equitable easement.[5]

■ Further, the "actual controversy" necessary to seek declaratory relief exists here with respect to the Lakises' alleged right to exclusive possession of the shared driveway. (See *Taxpayers for Improving Public Safety v. Schwarzenegger* (2009) 172 Cal.App.4th 749, 768 [91 Cal.Rptr.3d 370] [" 'Declaratory relief is not available unless there is a real dispute between parties, "involving justiciable questions relating to their rights and obligations." [Citation.] "The fundamental basis of declaratory relief is an actual, present controversy." ' "]; Code Civ. Proc., § 1060 ["[I]n cases of actual controversy relating to the legal rights and duties of the respective parties," any person may bring an action for a declaration of his or her rights and duties in connection with that controversy].)[6] The threat of a lawsuit can

---

[5] *Donnell v. Bisso Brothers, supra*, 10 Cal.App.3d 38, is somewhat analogous, and demonstrates that there is no rigid requirement that the equitable easement theory be raised solely as a defense. In that case, the plaintiffs sued for injunctive relief to prevent the defendants from interfering with the plaintiffs' use of a road that the plaintiffs had recently built on property they thought was their own. (*Id.* at p. 40.) It turned out that the property belonged to the defendants. (*Id.* at p. 42.) However, the trial court granted an equitable easement permitting the plaintiffs to continue to access the new road. (*Id.* at p. 44.) The defendants complained that the equitable easement should not have been granted because the plaintiffs' complaint failed to request an easement through equity. (*Id.* at p. 45.) However, the appellate court concluded that the complaint's prayer for an injunction was sufficient to encompass the request for an equitable easement. (*Ibid.*)

[6] At oral argument, counsel for the Lakises argued that under Code of Civil Procedure section 1060, a party may seek declaratory relief only with respect to rights or duties *under a written document*, and thus the Tashakoris cannot seek declaratory relief with respect to the existence of an equitable easement. However, the plain language of section 1060 belies counsel's argument that the scope of declaratory relief is so limited. Section 1060 provides: "Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties . . . ." (Code Civ. Proc., § 1060.) The Court of Appeal long ago rejected the same argument counsel now makes, holding that "[t]he use of the word 'or' following the word 'contract' definitely expressed the purpose to authorize such an action by one who desires a declaration of his rights or duties with respect to another or in respect to property." (*Wollenberg v. Tonningsen* (1935) 8 Cal.App.2d 722, 726 [48 P.2d 738]; see also *Wellenkamp v. Bank of America* (1978) 21 Cal.3d 943, 947 [148 Cal.Rptr. 379, 582 P.2d 970] ["A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties under a

satisfy the actual controversy requirement for a declaratory relief action. (*American Meat Institute v. Leeman* (2009) 180 Cal.App.4th 728, 743–744 [102 Cal.Rptr.3d 759].) In this case, it is undisputed that the Lakises communicated to the Tashakoris that they considered any use of the shared driveway by the owner of Lot 18 to be trespassing that would subject the user to legal action. The Tashakoris understandably wanted the matter resolved before further proceeding with their plans to develop Lot 18. Thus, the matter is ripe for judicial review, and the procedural posture of the case did not prevent the trial court from granting an equitable easement in the Tashakoris' favor.

*Length of Time of Encroaching Use*

The Lakises' second argument is that the equitable easement doctrine only applies where there has been a long-standing prior encroachment or use, which they contend there has not been here. They glean this supposed requirement from previous equitable easement cases involving decades-long encroachments or uses (*Linthicum, supra*, 175 Cal.App.4th at p. 262 [over 50 years]; *Hirshfield, supra*, 91 Cal.App.4th at p. 756 [over 20 years]; *Field-Escandon v. DeMann, supra*, 204 Cal.App.3d at p. 237 [over 25 years]; *Miller, supra*, 270 Cal.App.2d at p. 293 [more than 15 years]; *Christensen, supra*, 114 Cal.App.2d at pp. 555–556 [over 10 years]), and they also rely on the Miller and Starr real estate treatise, which cites *Hirshfield, supra*, 91 Cal.App.4th 749 and *Miller, supra*, 270 Cal.App.2d 289, for the proposition that one of the requirements for the creation of an easement on equitable grounds is that the party have "used and improved an easement *for a long period of time* with an innocent belief that he or she had a right to use the easement." (6 Miller & Starr, Cal. Real Estate (3d ed. 2006) Easements, § 15:46, p. 15-161 & fn. 3, italics added.) However, none of the cited cases can fairly be read to require long-standing prior use as a condition for granting an easement in equity.

■ To the contrary, the only decision we have located that explicitly considers the issue, *Donnell v. Bisso Brothers, supra*, 10 Cal.App.3d 38, rejected the argument that only a long-standing encroachment would justify the creation of an equitable easement. In that case, the plaintiffs had only recently constructed a new road that was located on what turned out to be the defendants' property. (*Id.* at pp. 45–47.) Nevertheless, the court concluded it was proper to create an easement in equity, "even though [the plaintiffs'] mistaken and harmless encroachment be of recent origin." (*Id.* at p. 47.)

written instrument or with respect to property and requests that the rights and duties of the parties be adjudged by the court."]; *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1582 [120 Cal.Rptr.3d 665] ["A declaration of rights or duties with respect to property may be a proper subject of declaratory relief."].)

Moreover, the parties agree on appeal that the fact that an encroachment has existed for a long time is only relevant as part of the assessment of the relative hardships to the parties. The trial court made the factual finding that if the Tashakoris were not permitted to use the shared driveway to access Lot 18, they would suffer irreparable injury that would strongly outweigh the very minor harm that might be caused to the Lakises by the imposition of an equitable easement. Because the Lakises expressly concede these and all the factual findings made by the court, they are foreclosed from arguing that the Tashakoris did not suffer irreparable injury because they had not made long-standing use of the shared driveway to access Lot 18. Furthermore, in the trial court's statement of decision, the trial court found that both the previous owners of Lot 18 and the Tashakoris (who had owned the lot for five years) had accessed Lot 18 via the shared driveway over the Lakises' property. Given this finding, the Lakises cannot now argue that there was not lengthy past use of the driveway, even if long-standing prior use were a condition for granting an equitable easement.

*Failure to Award Damages for Use of Easement*

The third alleged defect in the trial court's decision was the court's failure to award any damages to the Lakises in compensation for the equitable easement on their property.

▮ "It is true that when the trial court creates an easement by denying an injunction, the plaintiff is ordinarily entitled to damages." (*Linthicum, supra,* 175 Cal.App.4th at p. 268, citing *Christensen, supra,* 114 Cal.App.2d at p. 558.) However, "[t]he trial court cannot award damages in the abstract." (*Linthicum, supra,* 175 Cal.App.4th at p. 268.) The trial court expressly found that the Lakises had not demonstrated that their property would suffer any diminishment in value as a result of permitting the Tashakoris to access Lot 18 via the driveway that was already being used by several other neighbors to access their property. The Lakises concede this factual finding and have not pointed to evidence that they were damaged in any other way. (*Ibid.*) As such, the trial court did not err in failing to award damages.

▮ In sum, we conclude that the trial court did not abuse its discretion in granting an equitable easement in favor of the currently undeveloped lot owned by the Tashakoris.[7]

---

[7] Because we find that the trial court did not abuse its discretion in granting an equitable easement over the shared driveway, we need not address the Lakises' argument that the Tashakoris are not entitled to an "easement by necessity" over the driveway.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Epstein, P. J., and Manella, J., concurred.

A petition for a rehearing was denied July 12, 2011, and appellants' petition for review by the Supreme Court was denied September 14, 2011, S195093.