Filed 4/15/14  Romero v. Brooktrails Township Commuity Services Dist. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CLAY O. ROMERO et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> BROOKTRAILS TOWNSHIP COMMUNITY SERVICES DISTRICT et al., <br><br> Defendants and Respondents. | A138488 <br><br> (Mendocino County Super. Ct. No. SCUK-CVG-11-59396) |

MEMORANDUM OPINION[*]

Clay O. Romero and his wife, Melanie Romero, owners of a piece of real property known as Parcel A-1 in Brooktrails Vacation Village Subdivision, filed an action in Mendocino County Superior Court alleging they possessed an easement on a piece of real property (Parcel A-2) owned by Brooktrails Township Community Services District (BCSD). BCSD moved for summary judgment, and the superior court granted its motion. The Romeros then appealed from the resulting judgment.

In 2007, the Romeros purchased Parcel A-1, which is located in Brooktrails Vacation Village Subdivision. The Romeros' property has frontage on a public street called Maize Way. Their property also abuts Parcel A-2, which is owned by BCSD. The Romeros wished to subdivide Parcel A-1 and believed it required an access route wider

---

[*] We resolve this case by a Memorandum Opinion pursuant to California Standards of Judicial Administration, Standard 8.1.

1

than Maize Way for the subdivision to be accomplished. Thus, in their action, the Romeros sought the right to use a path known as Meadowlark Trail across Parcel A-2 as access to their property.

The Romeros' first amended complaint alleged they had acquired an easement across Parcel A-2. Although the precise legal theory upon which the claim was based is not entirely clear from the complaint, the Romeros alleged that "[t]he basis of [their] claim is a prescriptive Easement by implication, necessity and equity[.]" They allegedly acquired their right to the easement "based upon historic adverse usage, by virtue of open, notorious, and adverse use of the Easement, under claim of right, for access and ingress and egress to and from Parcel A-1 . . . for an uninterrupted and continuous period of approximately forty-one (41) years." In opposing BCSD's motion for summary judgment, the Romeros clarified their theories somewhat, arguing they possessed: (1) an implied easement based on prior use, (2) an easement by necessity because their parcel is landlocked, and (3) an equitable easement under the doctrine of relative hardships.[1]

Relying chiefly on Clay Romero's deposition testimony and the Romeros' responses to discovery, BCSD's motion for summary judgment argued the undisputed facts demonstrated the Romeros could not prove any of the theories on which their claim of an easement was based. The Romeros filed an opposition, but the trial court sustained virtually all of BCSD's objections to the evidence the Romeros submitted in support of

---

[1] The Romeros' opposition also mentioned that their neighbors, Ralph and Ramona Waldman, possessed an express easement on Meadowlark Trail. The Romeros asserted they should have at least the same rights as the Waldmans. But the Romeros acknowledged that the Waldmans' easement had been conveyed by a recorded grant deed, and the Romeros produced no evidence of a similar deed granting them an easement.

We note that in *Waldman v. Romero* (Mar. 17, 2011, A129126) [nonpub. opn.], we held that the Waldmans possessed a valid and binding express easement appurtenant to their property. (See *Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10 [citation of unpublished opinions permissible "to explain the factual background of the case"].) Our holding that the Waldmans' possessed an easement was based on the fact that BCSD had expressly conveyed an easement to Ralph Waldman via a grant deed recorded in the records of Mendocino County. (*Waldman v. Romero, supra,* A129126.)

2

their opposition, and the Romeros do not challenge that ruling on appeal. At the hearing on the motion, the court noted the Romeros' opposition was not supported by admissible evidence. In particular, the court remarked that Clay Romero's declaration was not based on his personal knowledge. The Romeros' counsel conceded Clay Romero could not offer evidence regarding the implied easement theory because "[h]e wasn't even there at the time" Parcels A-1 and A-2 were created.[2]

The Romeros' opening brief argues they possessed either: (1) a prescriptive easement, (2) an easement by implication by virtue of state law requirements for school sites, (3) rights equivalent to those of Ralph and Ramona Waldman, the adjoining property owners to whom BCSD granted an express easement, or (4) an equitable easement. The fatal flaw in the first two arguments is that they were not raised below. Neither the Romeros' operative first amended complaint nor their opposition to BCSD's motion for summary judgment mentions them. On an appeal challenging a trial court's grant of summary judgment, a reviewing court will not consider theories not advanced in the trial court. (*DiCola v. White Brothers Performance Products, Inc.* (2008) 158 Cal.App.4th 666, 676.) Moreover, basic considerations of fairness prohibit the Romeros from changing theories on appeal. (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1351, fn. 12 [" 'The rule is well settled that the theory upon which a case is tried must be adhered to on appeal. A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant.' "].)

Even if the prescriptive easement claim were properly before us, it would fail. The Romeros admitted in discovery that BCSD is a public entity. (See *Richmond v. Shasta Community Services Dist.* (2004) 32 Cal.4th 409, 415, 429-430 [community services district is a public agency].) Its property is therefore exempt from any claim of a prescriptive easement. (Civ. Code, § 1007; *City of Los Angeles v. City of San Fernando* (1975) 14 Cal.3d 199, 272.) The same is true of the claim of an implied easement based

---

[2] The Romeros are prosecuting this appeal in propria persona but were represented by counsel below.

3

upon state law requirements for school sites. The Romeros cite no authority that regulatory requirements for such sites can create easements by implication. Such easements are not favored, and an easement by implication will not be found absent clear evidence it was intended by the parties. (*Tusher v. Gabrielsen* (1998) 68 Cal.App.4th 131, 141-142.)

The Romeros contend they should enjoy the same rights as the Waldmans, who hold an express easement over Parcel A-2. But the Waldman's express easement is just that—express. They obtained it by grant deed from BCSD. The Romeros' deed, in contrast, makes no mention of any easement and the attached maps do not show one.

Nor is there merit in the Romeros' cursory argument that they possess an equitable easement. They claim they and their predecessors in interest have used the Meadowlark Trail easement for at least 50 years, but as Clay Romero admitted and the trial court noted, there is no actual evidence of such use. Moreover, "[t]o create an equitable easement, 'three factors must be present. First, the defendant must be innocent. That is, his or her encroachment must not be willful or negligent.' " (*Tashakori v. Lakis* (2011) 196 Cal.App.4th 1003, 1009.) The Romeros received notice from BCSD that they were to use their deeded access on Maize Way. Nevertheless, they continued to use Meadowlark Trail as ingress to their property. Thus, the Romeros' encroachment was not innocent.

We conclude the Romeros have failed to demonstrate the trial court erred in granting BCSD's motion for summary judgment.[3]

---

[3] We may quickly dispose of the Romeros' remaining arguments. The trial judge did not disallow acceptable evidence. Instead, it refused to consider hearsay statements in the minutes of a BCSD public meeting. (See *People v. Flaxman* (1977) 74 Cal.App.3d Supp. 16, 20 [public record based on statements of third parties is inadmissible under Evid. Code, § 1280].)

The Romeros also contend the trial judge stated incorrect information and erred in some way in prohibiting witnesses "from giving crucial evidence in the summary judgment." As to the former argument, the Romeros do not explain how the claimed erroneous statement prejudiced them, and it therefore presents no ground for reversal. (See Code Civ. Proc., § 475.) The latter argument is neither supported by citation to the

DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


_____

Jones, P.J.


We concur:


_____

Simons, J.


_____

Needham, J.

---

record nor sufficiently articulated to merit consideration.  (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3.)