Filed 6/10/21  Horowitz v. Domagalski CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MONA HOROWITZ<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL R. DOMAGALSKI et al.,<br><br>        Defendants and Respondents. | A159642<br><br>(Contra Costa County<br>Super. Ct. No. MSC1800674) |

This dispute concerns an alleged easement between two neighboring properties in Port Costa.  Appellant Mona Horowitz purchased undeveloped land adjacent to and uphill from the house owned by siblings Michael Domagalski and Victoria Ryan (collectively referred to as Respondents).  She asked the trial court for a judicial declaration granting her an easement that would allow her to connect a sewer line from her property to the sewer main behind Respondents' property.  After a one-day bench trial, the trial court rejected Horowitz's claim to an easement.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

In the 1960s and 1970s, Henry and Peggy Domagalski purchased several lots on Block 40 off of Prospect Avenue in Port Costa.  By 1979 or

---

[1]     This facts in this section come largely from admitted allegations in the pleadings.  In her opening brief, Horowitz sets forth pages of "material facts" which she says "are not in dispute."  Most of her facts, however, are not

1

1980, they owned lots 5 through 12 on Block 40. The Domagalskis' house, located at 135 Prospect Avenue, appears to have been built on some portion of lots 5 and 6 and part of lot 7.

In 2003, Henry and Peggy sold lots 8 through 12 and the other portion of lot 7 to a third party. These lots, located at 137 Prospect Avenue, were adjacent to and uphill from the Domagalski property and remained undeveloped.

When Peggy died in 2009, joint title to the Domagalski property passed to their children, Respondents Michael Domagalski and Victoria Ryan. Respondents continue to own the property, and Ryan currently resides there.

Meanwhile, the unimproved lots at 137 Prospect Avenue went into foreclosure in 2015. Horowitz purchased the property in February 2016.

Following her purchase, Horowitz set out to build a house on the undeveloped land. However, the existing sewer main that had been installed by the Contra Costa Sanitation District No. 5 (CCSD) did not extend to her property, instead terminating behind the Domagalski Property. Eventually, when other options for sewer access did not materialize, Horowitz asked Respondents to grant her an easement to connect to the sewer main behind their property. Respondents refused.

In April 2018, Horowitz, appearing in propria persona, sued Respondents for declaratory relief to quiet title to an implied easement. She asked the court for a judicial determination that she had an implied easement for sewer and drainage purposes over and across Respondents' property for the benefit of her property. She asserted additional claims

---

supported by references to the record, so we do not consider them. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947 ["Statements of fact that are not supported by references to the record are disregarded by the reviewing court."].)

against Respondents for trespassing, intentionally interfering with the easement, and negligently excavating their property and causing destabilization of the slope supporting her property.

In October 2019, the matter proceeded to a one-day bench trial with all parties appearing in propria persona. No court reporter was present. Further, no party requested a statement of decision. Based on the pleadings and the evidence presented at trial, the trial court found Horowitz failed to meet her burden of proof on all cause of action in her complaint. This appeal followed.

**DISCUSSION**

**A. Horowitz Has Not Overcome the Presumption that the Trial Court's Judgment is Correct.**

Horowitz contends the trial court erred in ruling that she had failed to establish an easement over Respondents' property and in not awarding her damages as a result of Respondents' activities. We must reject these contentions.

A judgment of a trial court "is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) The appellant has the burden to overcome that presumption of correctness and show reversible error. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)

" 'It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record.' . . . . A proper record includes a reporter's transcript or a settled statement of any hearing leading to the order being challenged on appeal." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.)

3

"Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*); see also *Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644 ["Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm."].)

Further, in the absence of a statement of decision, the doctrine of implied findings applies. (*LSREF2 Clover Property 4, LLC v. Festival Retail Fund 1, LP* (2016) 3 Cal.App.5th 1067, 1076.) That doctrine, which is a "natural and logical corollary" to the above principles of appellate review, "requires the appellate court to infer the trial court made all factual findings necessary to support the judgment." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58 (*Fladeboe*).)

Self-represented parties are not exempt from the rules governing appeals. A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

We now turn to Horowitz's specific claims of error.

### 1.    Implied Easement by Prior Use

Horowitz contends the trial court erred in concluding she had no implied easement over Respondents' property based on prior use.

4

"An easement is an incorporeal interest in the land of another that gives the owner of the easement the limited right to use another's property or to prevent the property owner's use of his or her property.  It is a nonpossessory, restricted right to a specific use or activity on the land of another that is less than ownership but may be a permanent right or a right for a limited period of time."  (6 Miller & Starr, Cal. Real Estate (4th ed. 2020) § 15:5, fns. omitted.)  There are various methods of creating an easement, one of which is an easement by implication.  (*Id.*, § 15:13.)

An implied easement can only be made in connection with a conveyance, and whether an easement arises by implication on a conveyance of real property depends on the intent of the parties to the transfer, which must be established by "clear evidence."  (*Tusher v. Gabrielsen* (1998) 68 Cal.App.4th 131, 141–142 (*Tusher*).)  "An easement will be implied when, at the time of conveyance of property, the following conditions exist: 1) the owner of property conveys or transfers a portion of that property to another; 2) the owner's prior existing use of the property was of a nature that the parties must have intended or believed that the use would continue; meaning that the existing use must either have been known to the grantor and the grantee, or have been so obviously and apparently permanent that the parties should have known of the use; and 3) the easement is reasonably necessary to the use and benefit of the quasi-dominant tenement."  (*Id.* at p. 141.)  " 'The law does not favor the implication of easements.' "  (*Kytasty v. Godwin* (1980) 102 Cal.App.3d 762, 769.)  The question of whether an easement arose by implication is a question of fact for the trier of fact.  (*Leonard v. Haydon* (1980) 110 Cal.App.3d 263, 274.)  On appeal we review such factual issues for substantial evidence.  (*Tusher*, *supra*, at p. 143.)

5

Here, the trial court found the first condition was met because "the subject parcels were originally part of a single parcel before it was subdivided in 2003." However, it did not find that the second condition had been met. The court explained: "[A]t the time the property was divided, the sewer lateral only extended onto the eastern parcel now owned by the Defendants. The sewer lateral did not extend across that parcel onto the parcel that eventually was purchased by [Horowitz]. No evidence was presented that the sewer lateral ever extended onto what became [Horowitz's] parcel. As a result, there was no 'long continued and obvious' use by what became the western parcel of a sewer line that crossed what became the eastern parcel such that it should be treated as 'intended to be permanent.' "

Horowitz has not demonstrated any error with respect to the court's conclusion. Since she has not provided a record of what occurred at the trial, either through a reporter's transcript or settled statement, and no party requested a statement of decision, we cannot determine whether the testimony or other evidence at trial was sufficient to support the court's finding that the second condition necessary for an implied easement was not met. We therefore presume that substantial evidence supported the court's findings regarding the limits of the sewer lateral on her block and the intentions of the parties. (See *Fain*, *supra*, 75 Cal.App.4th at p. 992 [appellant may not contest the sufficiency of the evidence with respect to a factual issue where appellant fails to provide an adequate record]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 (*Maria P.*) [failure to provide an adequate record on appeal requires that the issue be resolved against appellant].)

Horowitz characterizes these concerns as "insubstantial technical objections" which should be disregarded in light of the policy of the courts to

6

resolve disputes on the merits. We do not consider Horowitz's procedural failures to be minor as "it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Without a record of what transpired at trial, we have no basis to question the trial court's findings or evaluate Horowitz's factual assertions.

Nor do the legal authorities Horowitz cites compel a different result. In *Fristoe v. Drapeau* (1950) 35 Cal.2d 5, the court held the plaintiff had an implied easement to use a certain road not only for its original purpose of serving an orchard but also for access to a proposed residence to be constructed on his parcel away from the roadway. (*Id.* at pp. 8–10.) The court considered "such uses as the facts and circumstances show were within the reasonable contemplation of the parties at the time of the conveyance," and could not "say as a matter of law that the use of the road for purposes connected with a private residence was not within the contemplation of the parties." (*Id.* at p. 10.) In *George v. Goshgarian* (1983) 139 Cal.App.3d 856 (*George*), the respondents owned a parcel of land on which a powerline was constructed. (*Id.* at pp. 862–863.) When the appellants purchased a nearby lot, the respondents refused to consent to a to a hook up to the powerline. (*Id.* at p. 859.) The court reversed a summary judgment in favor of the respondents, holding there were issues of fact as to whether an easement existed based on certain circumstances, including the developer's reservation of a utility easement on the appellant's lot and a powerline visible near there. (*Id.* at pp. 861–863.) Here, in contrast, the trial court found no circumstances

or indicators that evidenced any intent for a sewer easement to extend to Horowitz's property, which had remained undeveloped for decades.

### 2. Easement by Necessity

Horowitz also contends the trial court erred in not granting her an easement by necessity.

An easement by necessity may only be created when there is "(1) a strict necessity for the claimed right-of-way, as when the claimant's property is landlocked; and (2) the dominant and servient tenements were under common ownership at the time of the conveyance giving rise to the necessity." (*Murphy v. Burch* (2009) 46 Cal.4th 157, 163.) "To satisfy the strict-necessity requirement, the party claiming the easement must demonstrate it is strictly necessary for access to the alleged dominant tenement. [Citation.] No easement will be implied where there is another possible means of access, even if that access is shown to be inconvenient, difficult, or costly." (*Id.* at p. 164.) We review a court's factual findings in determining when an easement by necessity existed under the substantial evidence test and a court's legal reasoning de novo. (*Kellogg v. Garcia* (2002) 102 Cal.App.4th 796, 802–803.)

Here, the trial court found the strict necessity requirement was not satisfied because "[e]vidence was presented that a sewer line could be constructed to access [Horowitz's] property at considerable expense by laying a new line down Prospect Ave."

Again, Horowitz has not demonstrated error as to this issue. Without a record of the trial, we cannot determine whether the testimony or other evidence at trial was sufficient to support the court's finding that the strict necessity requirement was not satisfied for an easement by necessity. We therefore presume that substantial evidence supported the court's finding that a new sewer line could be constructed to connect to Horowitz's property

8

and again resolve this issue against her.  (See *Fain*, *supra*, 75 Cal.App.4th at p. 992; *Maria P.*, *supra*, 43 Cal.3d at pp. 1295–1296.)

### 3. Equitable Easement

Horowitz next contends the "court erred in entirely overlooking the question of an equitable easement to balance the hardships."  She says that this court should review whether she has presented sufficient evidence for an equitable easement using a de novo standard.

"In appropriate cases in which the requirements for traditional easements are not present, California courts have exercised their equity powers to fashion protective interests in land belonging to another, sometimes referring to such an interest as an 'equitable easement.' " (*Tashakori v. Lakis* (2011) 196 Cal.App.4th 1003, 1008.)  To justify the creation of an equitable easement, three factors must be present: First, the easement seeker must use and improve property innocently—" '[t]hat is, his or her encroachment must not be willful or negligent.' " (*Id.* at p. 1009.)  Second, the easement opponent will not suffer irreparable harm by its creation.  (*Ibid.*)  Third, the hardship of denying the easement " ' "must be greatly disproportionate to the hardship" ' " of allowing it.  (*Ibid.*)  We review a court's decision whether to recognize an equitable easement under the abuse of discretion standard.  (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 1005–1006.)  This standard "includes a substantial evidence component:  'We defer to the trial court's factual findings so long as they are supported by substantial evidence, and determine whether, under those facts, the court abused its discretion.  If there is no evidence to support the court's findings, then an abuse of discretion has occurred.' " (*Id.* at p. 1006.)

9

Again, Horowitz's failure to provide an adequate appellate record precludes us from considering her equitable easement claim. "[I]f an appellant wishes to argue a point on appeal, it must first make a record by raising the point in the trial court." (*Tudor Ranches, Inc. v. State Comp. Ins. Fund.* (1998) 65 Cal.App.4th 1422, 1433.) It is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court. (*Gonzalez v. County of Los Angeles* (2004) 122 Cal.App.4th 1124, 1131.) While Horowitz's complaint included allegations under the heading "EQUITABLE EASEMENT BY BALANCE OF HARDSHIPS," the court's decision makes no reference to the issue. Without a record we cannot determine whether Horowitz argued for an equitable easement at trial and therefore treat the matter as forfeited.

Even if we assume she raised the issue at trial, the court found Horowitz "failed to meet her burden of proof as to any cause of action in the complaint." Since no party requested a statement of decision, under the doctrine of implied findings we must infer that the trial court made every factual finding necessary to support its decision. (See *Fladeboe, supra*, 150 Cal.App.4th at p. 61.) Based on the court's rejection of all of Horowitz's claims, we infer that the court found that the equities did not favor Horowitz. We also presume substantial evidence supported its decision. (*Fain, supra*, 75 Cal.App.4th at p. 992.)

### 4. Damages

Horowitz avers that the trial court "did not reach the question of damages," so this court "should review whether [she] has presented sufficient evidence to support a case for compensatory and punitive damages for Respondents' intentional infliction of emotional distress using a de novo

standard." Not so. Again, the trial court found that Horowitz "failed to meet her burden of proof as to any cause of action in the complaint." The trial court further found she "failed to meet her burden of proof to establish that she has been damaged by . . . lateral or subjacent support." In light of these findings, there were no grounds to award Horowitz damages. Once again, absent an adequate record, we presume substantial evidence supported the trial court's decision and its judgment is correct. (*Fain, supra,* 75 Cal.App.4th at p. 992.)

## B. Additional Evidence

Horowitz asks us to consider additional evidence on appeal through judicial notice or Code of Civil Procedure section 909. We decline to do so.

### 1. Requests for Judicial Notice

Asserting that judicial notice is necessary to allow her to receive "full and fair appellate review," Horowitz requests we take judicial notice of the following documents: (1) a map created by the CCSD which "depicts an easement 60' in length which runs adjacent and within the rear boundary line of Respondent[s'] property" and "abuts [her] property at one end and overlaps the sanitation district sewer easement at the other end;" (2) various documents and maps from a 1973 easement by the CCSD for a new sewer line; (3) a 1965 CCSD Resolution accepting the grant of sewer easements in Port Costa; and (4) a 2016 email Horowitz received from the Crockett Community Services District manager requiring her to grant an easement to two undeveloped lots so they would also have access to the sewer. Respondents oppose the requests.

" 'Judicial notice is the recognition and acceptance by the court, for use by the trier of fact or by the court, of the existence of a matter of law or fact that is relevant to an issue in the action without requiring formal proof of the

11

matter.' " (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882.) "Judicial notice may not be taken of any matter unless authorized or required by law." (Evid. Code, § 450.) Matters that are subject to judicial notice are listed in Evidence Code sections 451 and 452. (See Evid. Code, §§ 451, 452.) " 'The fundamental theory of judicial notice is that the matter that is judicially noticed is one of law or fact that *cannot reasonably be disputed.*' " (*Post v. Prati* (1979) 90 Cal.App.3d 626, 633.) The burden is on the party seeking judicial notice to provide sufficient information to allow the court to take judicial notice. (*Willis v. State of California* (1994) 22 Cal.App.4th 287, 291.)

We deny Horowitz's judicial notice requests. As an initial matter, it is undisputed that the documents Horowitz requests we judicially notice were never presented to the trial court. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [appellate courts "generally do not take judicial notice of evidence not presented to the trial court"]; *Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813 ["when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered"].) Further, Horowitz has not cited to any provision of Evidence Code sections 451 or 452 or otherwise explained how any of these four documents are matters subject to judicial notice under the Evidence Code. (See *In re Marriage of Schroeder* (1987) 192 Cal.App.3d 1154, 1164 [it is not appellate court's role to develop an appellant's legal arguments].) Simply put, she has not carried her burden to provide us sufficient information to allow us to take judicial notice.

12

Even if we construed her requests for judicial notice as coming under Evidence Code section 452 subdivision (h)[2], we would still deny them. Under that provision, judicial notice may be taken of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code, § 452, subd. (h).) However, Horowitz's judicial notice requests include matters that have been hotly contested and are incapable of immediate and accurate determination. For instance, the purported easement map which is Horowitz's main request and the central focus of her arguments, lies at the very core of the parties' dispute over whether Horowitz has an easement on the Domagalski property. Horowitz contends the map "verifies the existence of an easement on the Respondents property." In their opposition, Respondents describe the map as "speculative drawings for the purpose of discussion and possible inclusion in proposals." The parties further dispute the map's authenticity and validity. We will not judicially notice such heavily disputed documents.

Horowitz also argues that, at least as to the map, "exceptional circumstances" warrant judicial notice. She represents that she did not have the easement map before trial because it was "withheld from her by [the CCSD] and Respondents" and that "it is difficult to image a more exceptional circumstances that evidence being purposefully withheld." Her claims of

---

[2]     To support her requests for judicial notice, Horowitz refers to a multi-paragraph block quote from a case where the court observed that "reviewing courts may property notice government maps and surveys" and took judicial notice of official maps maintained by a city public works department in part under Evidence Code section 452, subdivision (h). The excerpted block quotes come from *Planned Parenthood Shasta-Diablo, Inc. v. Williams* (1995) 10 Cal.4th 1009, 1021, fn. 2, not *Planned Parenthood Shasta-Diablo, Inc. v. Williams* (1994) 7 Cal.4th 860, 867, which Horowitz erroneously cites.

improper conduct by CCSD and Respondents, however, are not supported by any evidence. (Cf. *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590 ["Points and authorities are not presented under penalty of perjury. Matters set forth in points and authority are not evidence. [Citation.] Evidence appears elsewhere—in deposition testimony, discovery responses, and declarations."].) Horowitz cannot demonstrate such exceptional circumstances based solely on unsupported assertions in her appellate briefs.

## 2. Code of Civil Procedure Section 909

Alternatively, Horowitz says this court should consider the easement map as additional evidence under Code of Civil Procedure section 909.[3]

Section 909 states: "In all cases where trial by jury is not a matter of right or where trial by jury has been waived, the reviewing court may make factual determinations contrary to or in addition to those made by the trial court. The factual determinations may be based on the evidence adduced before the trial court either with or without the taking of evidence by the reviewing court. The reviewing court may for the purpose of making the factual determinations or for any other purpose in the interests of justice, take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal, and may give or direct the entry of any judgment or order and may make any further or other order as the case may require." (Code Civ. Proc., § 909.)

---

[3] Horowitz also cites California Rules of Court, rule 23(b) as additional authority for this argument, but no such rule exists. Therefore, we disregard this argument. (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1050 (*Sprague*) ["[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration."].)

14

Under this provision, an appellate court may exercise its discretion to consider evidence that was not before the trial court in " 'exceptional circumstances.' " (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)  For an appellate court to take new evidence pursuant to section 909, the evidence normally must enable [it] "to affirm the judgment, not lead to a reversal.  [Citations.] The power to take evidence in the Court of Appeal is never used where there is conflicting evidence in the record and substantial evidence supports the trial court's findings." (*Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian* (1990) 218 Cal.App.3d 1058, 1090; see also *Wachovia Bank v. Lifetime Industries, Inc.* (2006) 145 Cal.App.4th 1039, 1048 [evidence considered under section 909 must support affirmance of the trial court's judgment].)

The easement map Horowitz asks this court to consider as new evidence under section 909 plainly does not qualify under these standards. As we have discussed, Horowitz has not made a sufficient showing that exceptional circumstances warrant us to consider the evidence.  In addition, Horowitz wants the new evidence to be considered in order to *reverse* the trial court's judgment, not *affirm* it.  This is not an appropriate case for us to invoke section 909.

Horowitz notes that new evidence discovered after trial was added on appeal in *George v. Goshgarian*, which she describes as "the most aligned case law."  Horowitz has not provided a cite to the particular *George v. Goshgarian* case that supports her contention, so we presume she refers to the one discussed *ante*, *George*, *supra*, 139 Cal.App.3d 856.  There is no discussion in that case about taking new evidence on appeal, so we disregard

this argument.[4] (See *Sprague, supra,* 166 Cal.App.3d at p. 1050; cf. *San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 943 [a case is "not authority . . . for issues not raised and resolved"].)

## DISPOSITION

The judgment is affirmed. Horowitz shall bear costs on appeal.

---

[4] We have also reviewed *Goshgarian v. George* (1984) 161 Cal.App.3d 1214, the other published case involving these parties. That case also does not support or address the proposition cited by Horowitz.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Jackson, J.


*Horowitz v. Domagalski/A159642*


17