Filed 4/12/22  Mori v. Murdock CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| SETSUKO MORI et al., | |
| Plaintiffs and Respondents, | G058649 |
| v. | (Super. Ct. No. 30-2017-00921063) |
| BRETT MURDOCK et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment and postjudgment order of the Superior Court of Orange County, Geoffrey T. Glass and James Di Cesare, Judges.  Affirmed.

Law Offices of Brett Murdock and Brett M. Murdock for Defendants and Appellants.

Law Offices of Russell P. Nowell and Russell P. Nowell for Plaintiffs and Respondents.

\*          \*          \*

This case disproves the old adage that good fences make good neighbors. Brett Murdock and Veronica Murdock (the Murdocks) discovered that the fence between their property and the property of their neighbors, Setsuko Mori Ogino and Hiroshi Ogino (the Oginos), was not on the property line, but rather was encroaching on the Murdocks' property. The Murdocks built a new block wall on the property line, and the Oginos sued to quiet title to the disputed land. After a bench trial, the trial court created an equitable easement in the disputed land—approximately 15 square feet. The Murdocks appealed. We affirm.

Substantial evidence supports the trial court's findings regarding the equitable easement, and the creation of the easement was within the court's authority and jurisdiction. Further, the trial court did not err in denying the Murdocks relief from their waiver of a jury trial.

The Murdocks also appealed from an order denying them attorney fees in connection with the Oginos' recordation of a lis pendens on the Murdocks' property. We find no error in the court's discretionary order, and therefore affirm that order as well.

STATEMENT OF FACTS

This case involves a property dispute between the owners of adjoining properties on South Pine Avenue and Maple Avenue in Brea, California. The two properties are adjoined for about 15 feet at the southwest corner of the Maple Avenue property and the northeast corner of the Pine Avenue property.

The Oginos acquired the Pine Avenue property in 1989. When the Oginos purchased the property, the real estate transfer disclosure statement stated the "[o]wner modified garage to accommodate workshop without benefit of permit."

In April 1996, Hiroshi Ogino built a chain link fence along the adjoining sections of the Pine Avenue and Maple Avenue properties; the owner of the Maple

Avenue property at that time paid for half of the supplies and did not object to the placement of the chain link fence.

The Murdocks acquired the Maple Avenue property in July 2015. In May 2017, the Murdocks decided to build a block wall along their south property line, a portion of which adjoins the Oginos' property. In this process, the Murdocks learned the chain link fence was not on the property line, but was actually encroaching on their property.

Brett Murdock advised the Oginos the chain link fence was on his property, and that he planned to build the block wall along the official property line, which was on the Oginos' side of the chain link fence, and closer to their garage and workshop than the existing chain link fence. Murdock offered to build the block wall "where the [Oginos] wanted it" if they paid him $7,500. The other neighbor whose property adjoins the Murdocks' property paid the Murdocks $7,000 to place the block wall on the original fence line, which was on the Murdocks' property.

Because the Oginos did not accept the Murdocks' offer, Brett Murdock had the chain link fence torn down and the block wall built closer to the Oginos' garage. The wall is not in a straight line; along the Oginos' property it runs on the property line, while the rest of the way it is about six inches off the property line and on the Murdocks' property.

The placement of the block wall prevents the Oginos from using the space between their garage and the block wall. Hiroshi Ogino had used this space to move the lawn mower and other yard equipment. The unpermitted garage is too close to the property line, and the Oginos have been advised they may need to remove part of the garage. The cost to remove and rebuild the garage would be between $40,000 and $50,000.

Both the Murdocks' expert witness and a surveyor hired by the Oginos testified the chain link fence was on the Murdocks' property.

PROCEDURAL HISTORY

The Oginos filed a complaint in May 2017 to quiet title to the 15 foot by 14.5-inch strip of land at which the properties are adjoined. The complaint also alleged that the Murdocks had trespassed on the Oginos' property, and sought damages against the Murdocks for that trespass.

The Oginos sought a temporary restraining order and a preliminary injunction to prevent the Murdocks from building the proposed block wall. The trial court denied the requested injunctive relief, but noted that if the Oginos prevailed at trial, the Murdocks would be required to remove the wall or pay damages for it. "[The Murdocks] have acknowledged that, if required, they will remove the wall and the court further notes that [the Murdocks] will not be able to argue in future hearings that removal of the wall will be a substantial burden upon them; they take the risk of having to remove the wall and restore the property to the preconstruction state if [the Oginos] prevail."

In October 2017, the Oginos recorded a lis pendens against the Murdocks' property. This action followed the Murdocks' filing of a motion for judgment on the pleadings, which asserted, among other arguments, that the Oginos could not state a cause of action to quiet title because they had not recorded a lis pendens. In December 2017, the Murdocks filed a motion to expunge the lis pendens and enter judgment against the Oginos. The trial court denied that motion. In November 2018, the Murdocks filed another motion to expunge the lis pendens; the Oginos filed a notice of non-opposition and the trial court granted the motion while noting in its minute order that it was "not inclined to award fees or costs for, essentially, a stipulation. Further, moving party is a lawyer representing himself and therefore would not be able to recover his professional fees."

4

At a case management conference on July 2, 2018, the trial court set the matter for a five-day jury trial on January 2, 2019. The Murdocks filed a notice of posting jury fees on December 3, 2018.

The Oginos' counsel's declaration regarding compliance with rule 317 of the Superior Court of Orange County Local Rules, filed December 28, 2018, stated in part, "[Brett] Murdock has requested a jury trial, but paid jury fees after the deadline, resulting in an automatic waiver of a jury under the Code. This issue should be resolved so that we can determine whether jury instructions [are] required."

On January 2, 2019, the case was placed on the trailing trial list. At the parties' request, January 22, 2019 was selected as the continued trial date. On January 22, the Murdocks requested relief from their waiver of jury trial for the first time. The next morning, the court found the Murdocks had waived a jury trial, and denied their request for relief from the waiver.

After the bench trial, the court issued a minute order containing a tentative decision awarding the Oginos an equitable easement to the disputed land, followed by a 13-page statement of decision addressing each controverted issue identified in the Murdocks' request for a statement of decision. Judgment was entered in June 2019. The judgment required the Oginos to pay the Murdocks $2,000 "as the reasonable value of the equitable easement." The judgment also ordered Brett Murdock to remove the section of the block wall upon the newly created easement.[1]

The Murdocks filed a motion for attorney fees pursuant to Code of Civil Procedure section 405.38. The trial court denied the motion. The Murdocks filed a notice of appeal from the judgment and postjudgment order denying attorney fees.

---

[1] The trial court also awarded damages to the Oginos based on Brett Murdock's trespass; this portion of the judgment is not challenged on appeal.

5

DISCUSSION

I.

*THE TRIAL COURT DID NOT ERR IN CREATING AN EQUITABLE EASEMENT.*

The trial court's use of its equitable authority to create an equitable easement is reviewed for abuse of discretion. (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 771; see *City of Barstow v. Mojave Water Agency* (2000) 23 Cal.4th 1224, 1256.) We review the trial court's express and implied factual findings for substantial evidence. (*Apex LLC v. Sharing World, Inc.* (2012) 206 Cal.App.4th 999, 1009.) The appellate record does not show that the Murdocks objected to the trial court's statement of decision. Therefore, we will imply any necessary findings to support the judgment. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134.)

A. *Substantial evidence supports the creation of an equitable easement.*

The trial court had the discretionary authority to require the Murdocks to accept damages as compensation for the creation of an equitable easement on their property in favor of the Oginos if (1) the Oginos' trespass on the Murdocks' property was innocent and not willful or negligent, (2) the Murdocks would not be irreparably injured by the easement, and (3) the hardship to the Oginos if they were required to cease the trespass on the Murdocks' property would be greatly disproportionate to the hardship to the Murdocks if their encroachment continued. (*Shoen v. Zacarias* (2015) 237 Cal.App.4th 16, 19.)

Substantial evidence supports the trial court's findings that all three prerequisites were established in this case. First, the trial court found that the Oginos were, at most, innocent trespassers. The Oginos installed their chain link fence in 1996 with the permission of the Murdocks' predecessors-in-interest, and that fence was consistent with the physical boundaries of the adjoining property. Further, the Oginos' property "met the setback standards of the City of Brea, based upon historic and physical

6

boundaries." On appeal, the Murdocks do not challenge that the Oginos met this requirement for an equitable easement.

Second, "[t]he public and the Murdocks will not be irreparably injured by the easement. In fact, having the block wall without discontinuities would adjure to [*sic*] common and classical notions of architectural aesthetics. The Murdocks presented no credible evidence of *any* injury from keeping [the] wall in a more natural line."

On appeal, the Murdocks make two arguments. Initially, they argue that the Oginos failed to present any evidence on the irreparable harm element. We disagree. In response to the trial court's questioning, Veronica Murdock testified the Murdocks had never used the property in dispute because a wooden fence was on the Murdocks' property on their side of the official property line. Thus, the strip of land in question was essentially inaccessible to them.

Additionally, the Murdocks argue that their inability to use the strip of land "that they rightfully own is irreparable injury enough." But the Murdocks have not shown that they have any use for the strip of land. Further, the Murdocks admitted they had been willing to give up the use of the disputed land permanently in exchange for $7,500. The trial court required the Oginos to pay $2,000 as the reasonable value of the easement. It seems disingenuous for the Murdocks to now claim they have been irreparably harmed because they will be receiving $5,500 less for the loss of that land. As the trial court found, the Murdocks effectively sold a longer strip of land to their other neighbors for $7,000, and placed what the court referred to as a "jog" in the block wall in order to "spite" the Oginos.

Third, "[t]he imposition on the [Oginos] of allowing the block wall was comparatively large. The City of Brea has certain setback rules that the block wall violated. The rules, among other reasons, are intended to allow access to emergency personnel, including fire safety personnel. It is [the City of] Brea's right and obligation to pay attention to those setbacks. The [Oginos] would have to expend time and money

7

to either move or remove their structures or try to get a waiver from the City of Brea, with no guarantee of success. The court finds that the [Oginos'] injury, if the wall stays, far exceeds the injury to the Murdocks, if the wall moves. The court considers the hardship to the [Oginos] to be greatly disproportionate to the hardship to the Murdocks."

The Oginos offered evidence of what it would cost to rebuild their garage, as well as evidence of the general inconvenience they faced due to the position of the block wall. While the Murdocks note that the city's setback requirements are tied to the property line rather than the placement of a wall or fence, it is important to note that the setbacks were never an issue until the block wall was built.

All findings necessary to the creation of an equitable easement were supported by substantial evidence.

B. *An equitable easement was within the relief sought by the Oginos.*

The Murdocks argue they were denied due process when the trial court created an equitable easement—a remedy not specifically called for in the Oginos' complaint. As the California Supreme Court has held, however, "[t]he novelty of the incident is no bar to its recognition as an easement if its creation violates no principle of public policy." (*Wright v. Best* (1942) 19 Cal.2d 368, 382.)

Indeed, the concept of an equitable easement arises when another type of easement is unavailable. "In appropriate cases in which the requirements for traditional easements are not present, California courts have exercised their equity powers to fashion protective interests in land belonging to another, sometimes referring to such an interest as an 'equitable easement.'" (*Tashakori v. Lakis* (2011) 196 Cal.App.4th 1003, 1008; see *Ranch at the Falls LLC v. O'Neal* (2019) 38 Cal.App.5th 155, 165-166, 183 [appellate court addresses propriety of equitable easement based on *Shoen* test requirements, although no cause of action for equitable easement was alleged].)

The trial court did not act in excess of its jurisdiction in creating an equitable easement.

8

C. *The equitable easement created by the trial court is not a prohibited prescriptive easement.*

The Murdocks argue the rule that prescriptive easements are improper as a remedy for "backyard disputes" also applies to equitable easements. "The notion of an exclusive prescriptive easement, which as a practical matter completely prohibits the true owner from using his land, has no application to a simple backyard dispute." (*Silacci v. Abramson* (1996) 45 Cal.App.4th 558, 564; see *Mehdizadeh v. Mincer* (1996) 46 Cal.App.4th 1296, 1308.)

In *Hirshfield v. Schwartz, supra*, 91 Cal.App.4th 749, the court held that the cases holding that a prescriptive easement is "an unlawful remedy in residential boundary disputes" are inapplicable in cases where the trial court has created an easement through its equity power. (*Id.* at p. 764.) We reject the Murdocks' contention that the equitable easement was improper in this case.

## II.

### THE TRIAL COURT DID NOT ERR IN DENYING THE MURDOCKS' REQUEST FOR ATTORNEY FEES.

The Murdocks requested an award of attorney fees pursuant to Code of Civil Procedure section 405.38, which provides: "The court shall direct that the party prevailing on any motion [for expungement of a lis pendens] be awarded the reasonable attorney's fees and costs of making or opposing the motion *unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust*." (Code Civ. Proc., § 405.38, italics added.)

Whether and how much to award as attorney fees to a party prevailing on a motion to expunge a lis pendens are matters for the trial court's discretion. (*Castro v. Superior Court* (2004) 116 Cal.App.4th 1010, 1017.)

9

In the minute order denying the motion for attorney fees, the trial court made the following findings:

(1) the Murdocks "specifically demanded" that the Oginos record a lis pendens in order to proceed with the case;

(2) soon after the Oginos recorded the lis pendens, the Murdocks filed a motion to expunge, which the court denied;

(3) when the Murdocks filed a second motion to expunge, the Oginos filed a notice of non-opposition and stated they would have agreed to stipulate to the expungement.

Based on these findings, the trial court concluded that the imposition of attorney fees in favor of the Murdocks and against the Oginos would be unjust, and therefore denied the motion for attorney fees.

When a lis pendens is withdrawn while a motion to expunge is pending, the trial court must use a "practical approach to determine the prevailing party based on the trial court's determination of which party realized its objectives in the proceeding. Such a determination requires the trial court to consider the merits of the motion, and whether the lis pendens claimant acted with substantial justification in withdrawing the lis pendens, or whether, in light of all of the circumstances, the imposition of fees would otherwise be unjust." (*Castro v. Superior Court, supra*, 116 Cal.App.4th at p. 1014, fn. omitted.)

Under this practical approach, "there may . . . be facts and circumstances militating against imposing attorney fees and costs on the lis pendens claimant. The trial court must consider whether the withdrawal of the lis pendens was for reasons unrelated to the merits of the motion." (*Castro v. Superior Court, supra*, 116 Cal.App.4th at p. 1023.)

In this case, the trial court found that the Oginos recorded the lis pendens only because the Murdocks demanded they do so, and the Oginos were willing to

10

stipulate to the withdrawal of the lis pendens and did not oppose the motion to expunge. The court therefore found that the Oginos had acted with substantial justification in recording the lis pendens, and that the award of attorney fees and costs to the Murdocks would be unjust. There was no abuse of discretion by the trial court in denying the Murdocks' motion for attorney fees.

## III.

### THE MURDOCKS WAIVED A JURY TRIAL BY FAILING TO TIMELY POST JURY FEES; THE TRIAL COURT DID NOT ERR IN DENYING THEIR REQUEST FOR RELIEF FROM WAIVER.

Except for certain factual situations not applicable here, jury fees must be paid "on or before the date scheduled for the initial case management conference in the action." (Code Civ. Proc., § 631, subd. (c).) The failure to timely pay jury fees waives the right to a trial by jury. (*Id.*, § 631, subd. (f)(5).)

The case management conference in this case was held on July 2, 2018, at which time trial was set for January 2, 2019; neither party timely posted jury fees. The Murdocks do not dispute that they failed to post jury fees on time.

Code of Civil Procedure section 631, subdivision (g) allows the trial court, in its discretion, to permit a jury trial despite a waiver. (*Gonzales v. Nork* (1978) 20 Cal.3d 500, 507.) Among the factors a trial court may consider in determining whether to grant relief from waiver are the possibility of delay in rescheduling a jury trial, the timeliness of the request for relief, whether the waiver was the result of excusable surprise or mistake, and whether relief would cause prejudice to the other litigants. (*Gonzales v. Nork, supra*, 20 Cal.3d at p. 509; *Still v. Plaza Marina Commercial Corp.* (1971) 21 Cal.App.3d 378, 388; *Hayden v. Friedman* (1961) 190 Cal.App.2d 409, 412.) "A court does not abuse its discretion where any reasonable factors supporting denial of relief can be found even if a reviewing court, as a question of first impression, might take a different view." (*Gann v. Williams Brothers Realty, Inc.* (1991) 231 Cal.App.3d 1698, 1704.)

The Murdocks posted jury fees on December 3, 2018—five months late. The Oginos raised the waiver issue in a December 28 filing regarding the parties' pretrial meet and confer. On January 2, 2019, the trial was trailed until the following day; on January 3 it was trailed to January 22, at which time the trial began. Sometime on the afternoon of January 22, the Murdocks for the first time requested relief from waiver of jury trial. After taking the matter under consideration, the trial court denied the request for relief.

The trial court explained its reasons for denying relief in its statement of decision. First, the court found that the Murdocks had unreasonably delayed in seeking relief from their waiver. The court found that the Murdocks could have brought their request for relief any time after July 2, 2018, and that the Oginos had advised the Murdocks and the court in writing no later than the end of December that they contended a jury trial had been waived. Yet the Murdocks did not seek relief from their waiver until the afternoon of the first day of trial in late January.

Second, the court found that there was no surprise to or excusable mistake by the Murdocks because Brett Murdock is an attorney who should have known the requirements of the law. As the court stated in the statement of decision: "The surprise that will justify a party's relief from a jury waiver in a civil case must be some condition or situation in which the party is unexpectedly placed to the party's injury, without any default or negligence of the part of the party, which ordinary prudence could not have guarded against. [Citation.] The failure of an attorney to know the provisions of the Code of Civil Procedure is negligence that ordinary prudence could have avoided. The existence of a code section is not sufficient surprise to grant relief from the waiver."

Third, the court considered the potential for delay. The court found that the scheduling of a jury trial to consider legal issues after the court considered equitable issues could result in significant delays and inconvenience to witnesses who might be called to testify twice.

12

Finally, the court found that the Oginos would be prejudiced by granting relief from waiver. The Oginos had prepared for a shorter bench trial, and the need to prepare instead for a longer jury trial would cause them prejudice. (*Gann v. Williams Brothers Realty, Inc., supra*, 231 Cal.App.3d at pp. 1703, 1704-1705 [request for relief from waiver made five days before trial would "work a hardship" in nonmoving party's trial preparation, justifying denial of the request].)

The Murdocks contend they were deprived of their constitutional right to a jury by the trial court's refusal to grant them relief. Not so. The law is clear that when a jury trial has been waived due to a litigant's failure to deposit jury fees, "the litigant is not thereby deprived of a constitutional right." (*Byram v. Superior Court* (1977) 74 Cal.App.3d 648, 650; see *Davis v. Conant* (1935) 10 Cal.App.2d 73, 75.)

The trial court did not abuse its discretion in denying the Murdocks' request for relief from waiver of jury trial.

### DISPOSITION

The judgment and postjudgment order are affirmed. Respondents to recover costs on appeal.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.

13